[No. 15879. Department One. July 14, 1920.]

THE STATE OF WASHINGTON, *Respondent*, v.
WILLIAM BURGESS, *Appellant*.[1]

INTOXICATING LIQUORS (36-40)—OFFENSES—JOINTIST. Laws of 1917, p. 60, § 17h, defining a "jointist" and making it a felony to open up or conduct any place for the unlawful sale of intoxicating liquor, is not unconstitutional as making an "intent" criminal without any overt act, as it is directed against the overt acts of opening, conducting or maintaining, the intent of the accused being merely incidental.

SAME (52)—OFFENSES—PUNISHMENT—STATUTES. The offense of being a "jointist" defined by Laws of 1917, p. 60, § 17h, as a felony, is not unenforcible because it fails to specify any place of imprisonment, in view of Rem. Code, § 2265, providing that any person convicted of a felony for which no punishment is specially prescribed, shall be punishment by imprisonment in the state penitentiary.

SAME (42)—INFORMATION—"JOINTIST"—PLACE OF OFFENSE. An information charging the offense of being a "jointist," i.e. opening up or conducting a place for the unlawful sale of intoxicating liquors, under Laws of 1917, p. 60, § 17h, is sufficient without fixing the location other than charging that the offense was committed in the county.

Appeal from a judgment of the superior court for Spokane county, Oswald, J., entered March 25, 1920, upon a trial and conviction of being a jointist. Affirmed.

*Geo. H. Crandell* and *Reuben Crandell*, for appellant.

*J. B. Lindsley* and *T. T. Grant*, for respondent.

[1]Reported in 191 Pac. 635.

PARKER, J.—The defendant, Burgess, was charged, and upon the verdict of a jury adjudged guilty, by the superior court for Spokane county, of the offense of being a "jointist," under the Laws of 1917, p. 60, § 17h, the language of which, so far as necessary to be here noticed, is as follows:

"Any person who opens up, conducts or maintains, either as principal or agent, any place for the unlawful sale of intoxicating liquor, be and hereby is defined to be a 'jointist.' Any person who carries about with him intoxicating liquor for the purpose of the unlawful sale of the same be and hereby is defined to be a 'bootlegger.' Any person convicted of being either a 'jointist' or 'bootlegger' as herein defined shall be deemed guilty of a felony and shall be punished by imprisonment for not less than one nor more than five years."

The defendant has appealed to this court from the judgment so rendered against him.

It is contended in appellant's behalf that the above quoted statute, in so far as it purports to define the offense of being a "jointist" and provides for the punishment of one adjudged guilty thereof, is unconstitutional. The following language of counsel's brief embodies the substance of their argument in that behalf:

"In order to constitute a crime it is necessary that the act of keeping or maintaining a place must be connected with some overt act which in itself is unlawful, in order to constitute a crime. That the intent to commit a crime is, in itself, unconnected with an overt act, a violation of no law."

Counsel invoke the general rule as stated in Wharton's Criminal Law (11th ed.), p. 197, as follows:

"The law does not deal with a man's inner feelings and unexecuted purposes and intentions. A mere criminal or guilty intent to do an act which is in and of itself a crime, not connected with an overt act or out-

ward manifestation, is not in and of itself a crime, and with it the law has no concern.''

The argument proceeds upon the assumption that the statute seeks only to punish the entertaining of the intent, and not for the committing of any overt act on the part of the accused. This, we think, is an erroneous assumption. Manifestly the jointist statute strikes at the opening up, conducting or maintaining of places; ''joints,'' in the common parlance, where the unlawful sale of intoxicating liquor is carried on. It seems to us that it is plainly the opening up, conducting or maintaining of such places for which the prescribed punishment is meted out. Of course, the prohibited place could not exist as such without an intent on the part of the accused to make it such a place. But that, it seems to us, does not argue that the lawmaking power is not primarily interested in the prevention of the opening up and maintenance of such places. We are of the opinion that the opening up, conducting or maintaining of the place for the unlawful sale of intoxicating liquor are the overt acts for which the law seeks to punish, and that the intent of the accused is merely incidental thereto; just as intent is incidental to all overt criminal acts, to be considered in determining the question of guilt. We concede that the particular intent to sell intoxicating liquor at a particular place, that is, an intent to sell it generally in the sense of making a business of so doing at such place, unaccompanied by the overt act of opening up, conducting or maintaining a place in such manner as to evidence such intent, could not be rendered punishable by legislative enactment. But we do not think such is the meaning of this statute. When one ''opens up, conducts or maintains'' a place for the sale of some commodity, he necessarily does so by some overt act

manifesting his intention in that regard. We think that, without some outward manifestation of such intent, and without the ability to consummate such sales by furnishing and delivering, or causing the furnishing and delivery of such commodity, it could not be said that one *"opens up, conducts, or maintains"* a place for the sale of such commodity, within the meaning of these words as used in this statute. Counsel for appellant call our attention to, and rely upon, a recent decision of the Oklahoma court in *Proctor v. State,* 15 Okl. Cr. 338, 176 Pac. 771, a decision which seems to express views out of harmony with the conclusion we here reach, though a critical reading of that decision may suggest to some minds that the question as there presented may be differentiated from the one here presented. We are, however, so thoroughly convinced of the soundness of our conclusion in this case that we would feel constrained to adhere to it rather than follow the Oklahoma decision, even though it be not distinguishable from our present case.

Contention is made in appellant's behalf that the judgment is erroneous and that no judgment can be rendered against appellant under this statute, because it fails to specify any place of imprisonment as punishment for the commission of the prohibited act. This contention is answered by the provisions of § 2265, Rem. Code, reading as follows:

"Every person convicted of a felony for which no punishment is specially prescribed by any statutory provision in force at the time of conviction and sentence, shall be punished by imprisonment in the state penitentiary for not more than ten years, or by a fine of not more than five thousand dollars, or by both."

It seems plain, therefore, since the jointist statute defines the offense as a felony, that the punishment

therefor should be in the penitentiary, as was adjudged in this case, even though that statute be silent on the question of the place of imprisonment.

It is further contended in appellant's behalf that the information does not sufficiently plead facts constituting the offense as defined in the statute, because it fails to allege the commission thereof at any particular location in Spokane county, the charge being only that the offense was committed in Spokane county. The argument is that, since this offense, when committed, necessarily has a fixed location with some relation to real property, it is necessary in the information to specify such location. This contention may find some support in the older authorities, and possibly even at this day in some jurisdictions, but we think it is answered in this state by the decision of this court in *State v. Meyers,* 9 Wash. 8, 36 Pac. 1051, wherein it was held that a charge of arson was sufficiently specific as to location when it stated that the crime was committed in Spokane county. It seems plain that the offense here involved could have no more close relationship to some specific location and property than could the crime of arson. Whatever appellant's rights may have been as to his being advised upon the trial as to the exact location of the offense charged, it seems well settled in this state that the information is not rendered defective because of its failure to state the particular location of the commission of the offense within the county of the court's jurisdiction.

It is finally contended that the information is insufficient in that it fails to charge the defendant with conducting and maintaining the place as principal or agent. This exact contention was disposed of adversely to the claims here made in appellant's behalf in our decision in *State v. Rousseau, ante* p. 533, 191 Pac. 634.

We conclude that the judgment must be affirmed. It is so ordered.

HOLCOMB, C. J., MACKINTOSH, MAIN, and MITCHELL, JJ., concur.