[No. 35784.     *En Banc.*     January 15, 1962.]

*In the Matter of the Application for a Writ of Habeas Corpus of* BEN OMAR CHAPIN, *Petitioner,* v. B. J. RHAY, *as Superintendent of the State Penitentiary, Respondent.**

*Reported in 367 P. (2d) 832.

*Ben Omar Chapin, pro se.*

*The Attorney General* and *Basil L. Badley, Assistant,* for respondent.

OTT, J.—July 12, 1957, Ben Omar Chapin pleaded guilty to an amended information which charged that

"He, the said BEN OMAR CHAPIN, in the County of King, State of Washington, on or about the 11th day of April, 1957, willfully, unlawfully and *feloniously* did then and there utter and issue a forged or false prescription for a narcotic drug, to-wit: Dilaudid; and

"Further do accuse BEN OMAR CHAPIN of having been convicted once previously of a violation of the laws of the State of Washington relating to narcotic drugs, to-wit: OB-TAINING NARCOTICS BY FICTITIOUS NAME, judgment thereon being rendered August 8th, 1941, in the Superior Court of the State of Washington for the County of King; . . ." (Italics ours.)

July 19, 1957, he was sentenced to a maximum term of not more than twenty years in the state penitentiary.

November 2, 1960, after serving more than three years of his term, he petitioned this court for a writ of habeas corpus, alleging that the judgment and sentence, and warrant of commitment to the state penitentiary, were void.

Petitioner first contends that he entered a plea of guilty to a gross misdemeanor, but was sentenced for a felony, and that the narcotics act does not specify the place where offenders are to be incarcerated; therefore, it should be in the same place as that provided for one convicted of a gross misdemeanor.

With reference to these contentions, the questioned penalty provisions of the narcotics act (RCW 69.33.190 at the time this offense was committed, now RCW 69.33.410) provided, *inter alia:*

"Whoever violates any provision of this chapter shall, upon conviction, be fined not more than two thousand dollars and be imprisoned not less than two years: *Provided,*

. . . For a second offense, . . . the offender shall be fined not more than ten thousand dollars and be imprisoned not less than five years. . . ."

■ In determining legislative intent, with which we are here concerned, we are not limited to the provisions of the act being construed, but may consider the general provisions of the criminal statutes. *State v. Burgess,* 111 Wash. 537, 191 Pac. 635 (1920).

RCW 9.01.010 provides, *inter alia:*

"In construing the provisions of this act, save when otherwise plainly declared or clearly apparent from the context, the following rules shall be observed: . . .

" (27) The word 'prison' shall mean any place designated by law for the keeping of persons held in custody under process of law, or under lawful arrest."

RCW 9.01.020 provides:

"A crime is an act or omission forbidden by law and punishable upon conviction by death, imprisonment, fine or other penal discipline. Every crime which may be punished by death or by imprisonment in the state penitentiary is a felony. Every crime punishable by a fine of not more than two hundred and fifty dollars, or by imprisonment in a county jail for not more than ninety days, is a misdemeanor. Every other crime is a gross misdemeanor."

RCW 9.92.020 provides in part:

"Every person convicted of a gross misdemeanor for which no punishment is prescribed in any statute in force at the time of conviction and sentence, shall be punished by imprisonment in the county jail for not more than one year, . . ."

RCW 9.95.010 provides:

"When a person is convicted of any felony, except treason, murder in the first degree, or carnal knowledge of a child under ten years, and a new trial is not granted, the court shall sentence such person to the penitentiary, or, if the law allows and the court sees fit to exercise such discretion, to the reformatory, and shall fix the maximum term of such person's sentence only.

"The maximum term to be fixed by the court shall be the maximum provided by law for the crime of which such person was convicted, if the law provides for a maxi-

mum term. If the law does not provide a maximum term for the crime of which such person was convicted the court shall fix such maximum term, which may be for any number of years up to and including life imprisonment but in any case where the maximum term is fixed by the court it shall be fixed at not less than twenty years."

■ The state constitution grants to the legislature the power and authority to fix minimum and maximum terms for criminal offenses. The legislature has fixed imprisonment for a gross misdemeanor at a maximum of one year in the county jail. A minimum term of five years' imprisonment cannot be served in the county jail; therefore, it must be served in "any place designated by law for the keeping of persons held in custody under process of law," —in this instance, the state penitentiary. RCW 9.01.010, *supra*.

In *State v. Burgess, supra,* the questioned statute defined certain liquor law violators as "jointists" and described the offense as a felony, but did not state the place of incarceration. We held that, "even though that statute be silent on the question of the place of imprisonment," it was not fatal to an adjudication and punishment of the offense as a felony.

■■ In *State v. Rinkes,* 49 Wn. (2d) 664, 667, 306 P. (2d) 205 (1957), we set out the rules to which we are committed in construing penal statutes. Those applicable here are:

" . . . The legislative intent must be gleaned from a consideration of the whole act, by giving effect to the entire statute and to every part thereof. [Citing case.] . . .

"Strict construction of a penal statute means merely that the punitive sanctions must be confined to such matters as are clearly and manifestly within the statutory terms and purposes. It does not mean that a forced, narrow, and over-strict construction should be applied to defeat the obvious intent of the legislature. [Citing cases.]"

■ Since the maximum term for a gross misdemeanor is limited to one year in the county jail, we conclude that the legislature intended that a second conviction under the

narcotics act, with a minimum term of five years' imprisonment, constitutes conviction of a felony.

Petitioner next contends that the inclusion of a former conviction within the body of the amended information, for the purpose of increasing the punishment for the offense charged, violates Art. 1, § 23, of the state constitution, which provides: "No bill of attainder, ex post facto law, or law impairing the obligations of contracts shall ever be passed."

■ The narcotics act does not impose additional punishment for a prior offense. The increased punishment relates only to the second offense. A law which fixes the punishment for a second offense is not ex post facto; therefore, it is not violative of Art. 1, § 23, state constitution. See *State v. Le Pitre*, 54 Wash. 166, 103 Pac. 27 (1909); *State v. Jackovick*, 56 Wn. (2d) 915, 355 P. (2d) 976 (1960), and cases cited therein.

■ Petitioner's remaining contentions relate to the sufficiency of the amended information. These contentions cannot be considered in a habeas corpus proceeding. *In re Wakefield v. Rhay*, 57 Wn. (2d) 168, 356 P. (2d) 596 (1960).

Writ denied.

MALLERY, WEAVER, and HUNTER, JJ., concur.

HILL, DONWORTH, ROSELLINI, and FOSTER, JJ., concur in the result only.

FINLEY, C. J. (concurring in the result)—In enacting RCW 69.33.410, the legislature stated—and, in my best judgment, with significant purpose and intent—that second offenders *shall* "be imprisoned for not less than five years." The statement was made against the backdrop of a statutory scheme setting forth three general categories of crime: (1) Misdemeanors are crimes punishable by fine "or by imprisonment in a county jail for not more than ninety days." RCW 9.01.020; 9.92.030. (2) Gross misdemeanors are crimes which are neither misdemeanors nor felonies; the punishment, if not otherwise provided, is by fine or "by imprisonment in the county jail for not more

than one year," or both. RCW 9.01.020; 9.92.020. (3) Felonies are crimes "which may be punished by death or by imprisonment in the state penitentiary." RCW 9.01.020.

RCW 69.33.410, to be sure, does not declare that the term of imprisonment is to be served in the state penitentiary. Indeed, this omission has given rise to a semblance of confusion or ambiguity in the instant case. The statute, however, does define the crime of uttering a false or forged narcotic prescription, and it goes on to state or fix the *minimum term of imprisonment*. This declaration—by the legislature—of this five-year minimum does not seem to me to be logically and reasonably in accord with ordinary, every-day conceptions of a gross misdemeanor. In this connection, it certainly is to be noted that, unless specified, the maximum time of incarceration for gross misdemeanors is one year.

I am strongly persuaded to the conclusion, which I think is reasonably clear, that the legislature intended the crime involved in the instant case to be a felony. The next question is whether the language of RCW 69.33.410 is adequate to allow giving effect to such a legislative intent. I believe it is. The crime is defined and the extent of punishment is provided. The only matter not expressly declared is the place of imprisonment. But, for the reasons stated above, this potential gap in the statute is bridged by inferences as to legislative intent too strong to be denied. Added to this is the not at all inconsiderable factor that the evils resulting from the crime are among the most serious affecting our society today. Under these circumstances, it is unreasonable to invalidate the imprisonment portion of the statute because the legislature failed to state expressly what almost unavoidably must be inferred—that the crime is a felony, and the place of imprisonment is the state penitentiary.

I agree with the majority for the reasons advanced herein that the writ should be denied.