[No. 856-1.    Division Three.    October 12, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT S. HINES, *Appellant*.

*Hunter, Gates & Patterson* and *Mark T. Patterson,* for appellant.

*Robert E. Schillberg, Prosecuting Attorney,* and *Donald J. Hale, Deputy,* for respondent.

EVANS, J.—Defendant Robert S. Hines appeals from a jury verdict of guilty to three counts of an information charging him with shoplifting, second-degree assault and petit larceny while armed. The major issue on this appeal is whether RCW 9.41.025,[1] which sets forth the crime of petit larceny while armed, violates the equal protection provi-

---

[1] The pertinent portion of RCW 9.41.025 provides: "Committing crime when armed—Penalties—'Inherently dangerous' defined—Resisting arrest. Any person who shall commit or attempt to commit any felony, or any misdemeanor or gross misdemeanor categorized herein as inherently dangerous, while armed with, or in the possession of any firearm, shall upon conviction, in addition to the penalty provided by statute for the crime committed without use or possession of a firearm, be imprisoned as herein provided:

"(1) For the first offense the offender shall be guilty of a felony and the court shall impose a sentence of not less than five years, which sentence shall not be suspended or deferred;

". . .

"(4) Misdemeanors or gross misdemeanors categorized as 'Inherently Dangerous' as the term is used in this statute means any of the following crimes or an attempt to commit any of the same: Assault in the third degree, provoking an assault, interfering with a public officer, disturbing a meeting, riot, remaining after warning, obstructing firemen, *petit larceny,* injury to property, intimidating a public officer, *shoplifting,* indecent liberties, and soliciting a minor for immoral purposes." (Italics ours.)

sions of article 1, section 12 of the Washington State Constitution.

Relying on *Skinner v. Oklahoma ex rel. Williamson,* 316 U.S. 535, 86 L. Ed. 1655, 62 S. Ct. 1110 (1942) and *Olsen v. Delmore,* 48 Wn.2d 545, 295 P.2d 324 (1956), defendant contends that the misdemeanors set forth in subsection (4) of the statute are no more inherently dangerous than numerous misdemeanors not enumerated. Hence, the statute contravenes equal protection. In *Skinner v. Oklahoma ex rel. Williamson, supra,* the United States Supreme Court held unvalid an Oklahoma statute which prescribed sterilization as a punishment for habitual criminals. Under terms of the statute, habitual stealers of chickens were made subject to this punishment while habitual embezzlers were expressly exempted. Finding that defendant was being deprived of one of the basic civil rights of man, *i.e.,* his fundamental right to procreate, the court struck down the statute as being invidiously discriminatory and denied equal protection of the law to the defendant. The Washington Supreme Court in *Olsen v. Delmore, supra,* approved and adopted the rule that an act which prescribes different punishments for the same act and thereby purports to authorize the prosecutor to charge one person with a felony and another with a misdemeanor for the same act committed under the same circumstances is a denial of equal protection of the law guaranteed by the fourteenth amendment to the United States Constitution and article 1, section 12 of the Washington State Constitution.

In the instant case, however, RCW 9.41.025 does not bestow upon the prosecutor an unbridled discretion to charge one person with a felony and another with a misdemeanor for the *same act* committed under the same circumstances as prohibited by *Olsen v. Delmore, supra.* Nor does the statute prescribe sterilization for its offenders and thus tortiously trespass upon one's fundamental right to procreate as forbidden by *Skinner v. Oklahoma ex rel. Williamson, supra.*

The court, in *Skinner v. Oklahoma ex rel. Williamson, supra,* at 316 U.S. 539 states:

> Under our constitutional system the States in determining the reach and scope of particular legislation need not provide "abstract symmetry." *Patsone* v. *Pennsylvania,* 232 U. S. 138, 144 [58 L. Ed. 539, 543, 34 S. Ct. 281 (1914)]. They may mark and set apart the classes and types of problems according to the needs and as dictated or suggested by experience.

Further, "the equal protection clause does not require things which are in fact different to be treated in law as though they are the same." *Rinaldi v. Yeager,* 384 U.S. 305, 16 L. Ed. 2d 577, 86 S. Ct. 1497 (1966).

■ Classifications set forth in statutes do not impinge upon the equal protection clause unless "the discrimination or inequity produced by the particular classification is manifestly arbitrary, unreasonable, inequitable and unjust." *State v. Persinger,* 62 Wn.2d 362, 382 P.2d 497 (1963).

With these considerations in mind, the question in this case is not, as defendant phrases it, whether the misdemeanors listed in the statute are more inherently dangerous than those not enumerated. The question is whether it is reasonable for the legislature to elevate certain enumerated misdemeanors to the status of felonies when those misdemeanors are perpetrated while armed.

■ A particular classification is reasonable if (1) there is a difference in any of the elements of two similar crimes, (2) either requires a difference in proof, or (3) there was a difference in the crimes at common law. *State v. Zornes,* 78 Wn.2d 9, 475 P.2d 109 (1970); *State v. Canady,* 69 Wn.2d 886, 421 P.2d 347 (1966); *State v. Reid,* 66 Wn.2d 243, 401 P.2d 988 (1965); *State v. Persinger, supra; State v. Krantz,* 24 Wn.2d 350, 164 P.2d 453 (1945). The elements of and proof of petit larceny while armed differs from other misdemeanors, whether enumerated in the statute or not. The scheme of classification of the statute is thus reasonable and does not deny equal protection.

Defendant next assigns error to an instruction given to

the jury by the trial court. This court, however, is precluded from considering this assignment of error. Defendant failed to set forth the complete instruction as required by CAROA 43. *State v. Hogan,* 29 Wn.2d 407, 187 P.2d 612 (1947).

Defendant finally contends the jury was allowed to speculate on the counts of shoplifting and petit larceny while armed because the state's evidence was entirely circumstantial and failed to eliminate a reasonable theory of innocence. A review of the record, however, shows that the evidence was primarily direct. A witness, Daniel Kolbet, testified he saw defendant take a radio from the Fred Meyers store and make no attempt to pay for it. Kolbet also testified that had Hines been looking for a clerk he would have been able to see him. Mr. James Hartnett testified he confronted defendant outside the Fred Meyers store and when he asked defendant to show a receipt for the radio which defendant had under his arm, he was assaulted by defendant with a firearm. Thus the rule that circumstantial evidence be consistent with the guilt of defendant and inconsistent with any reasonable theory of innocence does not apply. *State v. Gunderson,* 74 Wn.2d 226, 444 P.2d 156 (1968); *State v. Stowers,* 2 Wn. App. 868, 471 P.2d 115 (1970).

Judgment affirmed.

MUNSON, C.J., and GREEN, J., concur.

Petition for rehearing denied December 7, 1971.

Review denied by Supreme Court January 14, 1972.