[No. 42758. En Banc. March 21, 1974.]

THE STATE OF WASHINGTON, *Respondent*, v. CHARLES BYRON ROGERS, *Petitioner*.

*Charles Byron Rogers*, pro se, and *Wesley G. Hohlbein* and *Robert L. Butler*, for petitioner (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney, Patricia G. Harber, Assistant Chief Deputy*, and *Charles E. Yates, Deputy*, for respondent.

UTTER, J.—Defendant Rogers petitioned this court to review the proceedings in the Court of Appeals which, in an unpublished opinion, affirmed a judgment of guilty of murder in the second degree. The issue presented is whether a general intent to commit murder may be presumed from

the proven fact that Rogers was armed with and used an unlicensed handgun to mortally and unlawfully kill another. We hold such a presumption unconstitutional as used, but affirm the jury verdict.

The facts as the jury could have found them are these. Defendant and the decedent, Robert D. Williams, resided in Duvall, King County, Washington. Their respective residences were across the street from one another on Fourth Avenue. The relationship between defendant and Williams had deteriorated and the defendant had made prior threats of violence to Williams.

On the evening of January 10, 1970, defendant, who had been drinking, upon returning from Fall City parked his truck out in the street on Fourth Avenue near his house. Later in the evening a neighbor drove Mr. Williams' daughter, Vicki, to her home. She saw the defendant sitting in his truck and inquired whether he had a problem. He denied having any problem and told the neighbor to get back into her own driveway. Vicki saw a gun in defendant's truck and became frightened by the entire experience. The neighbor then drove Vicki to her home where Vicki telephoned her parents to come for her. She told her parents what occurred and that she had seen the gun. Williams told his daughter to call the sheriff. Meanwhile, defendant drove away in his truck.

After a while, Williams left in his truck to find defendant and talk to him, but was unsuccessful. He ultimately returned home, leaving his truck parked in the street. Defendant claimed it was left parked in his driveway. Sometime after Williams entered his house, he noticed the defendant's truck was coming down Fourth Avenue and that it stopped in the street. Williams decided to go out and talk to the defendant.

As Williams walked out his door he was unarmed. Shortly thereafter Vicki hear a loud voice, not her father's, followed by the sound of rapidly fired gunshots. It developed that defendant had shot Williams five times. When stopped, Williams was coming off his fence.

Defendant claimed Williams had come off the fence and was proceeding toward him threatening to kill him. The jury rejected defendant's claim of self-defense. Defendant drove his truck to a neighbor's house and told the neighbor he had shot Williams and to call the sheriff. When the officers arrived, they found a .22 caliber revolver and spent casings on the floor of defendant's truck. The revolver was the weapon used by defendant against Williams.

This case is similar to but different from *State v. Odom*, 83 Wn.2d 541, 520 P.2d 152 (1974). In *Odom*, the issue was whether a specific intent to commit a crime of violence may be presumed from the proven fact that the defendant was armed with an unlicensed handgun in a complaint alleging first-degree assault. There we held that no presumption arose in such a case because it could not be shown beyond a reasonable doubt that the presumed fact, specific intent to commit murder or cause grievous bodily harm, followed from the proven fact, possession of an unlicensed handgun.

The defendant objected to the trial court's jury instruction No. 11, which stated:

> You are instructed that in the trial of a person for committing or attempting to commit a crime of violence, the fact that he was armed with a pistol and had no license to carry the same shall be prima facie evidence of his intention to commit said crime of violence. The presumption thus created is not binding upon you, but should be given only such weight as it seems to you to merit. This presumption permits, but in no way directs, you to convict the accused, and must be considered by you in light of the presumption of innocence which arises upon a plea of not guilty and accompanies the accused throughout the trial until overcome by evidence which convinces you of the accused's guilt beyond a reasonable doubt.

■ As in *Odom*, the jury instruction complained of here is based on RCW 9.41.030.[1] Defendant argues that the

---

[1] RCW 9.41.030:

"Being armed prima facie evidence of intent. In the trial of a person for committing or attempting to commit a crime of violence, the

presumption contained in jury instruction No. 11 is irrational and arbitrary and that it, therefore, violates his constitutional right against self-incrimination and to due process of law, protected under the fifth and fourteenth amendments to the United States Constitution. For the reasons more fully set forth in *State v. Odom, supra,* we hold that the presumed fact, specific intent to commit murder, has not been shown beyond a reasonable doubt to follow the proven fact alone that the defendant here was armed with an unlicensed handgun. The trial court therefore erred in allowing jury instruction No. 11 on presumption of intent. *State v. Odom, supra.* Accordingly, RCW 9.41.030 is an unconstitutional intrusion upon the rights of the defendant, protected under the fifth and fourteenth amendments to the United States Constitution. *Leary v. United States,* 395 U.S. 6, 23 L. Ed. 2d 57, 89 S. Ct. 1532 (1969), *Turner v. United States,* 396 U.S. 398, 24 L. Ed. 2d 610, 90 S. Ct. 642 (1970) and *In re Winship,* 397 U.S. 358, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970) are not discussed in our previous cases. For this reason, our previous cases are not helpful in resolving the issues discussed in *Odom.* To the extent that *State v. Person,* 56 Wn.2d 283, 352 P.2d 189, 81 A.L.R.2d 1088 (1960), *State v. Thomas,* 58 Wn.2d 746, 364 P.2d 930 (1961), *State v. Thomas,* 63 Wn.2d 59, 385 P.2d 532 (1963), *State v. Gregory,* 79 Wn.2d 637, 488 P.2d 757 (1971) and others are in conflict with our holding here, they are overruled.

Notwithstanding the trial court's error in submitting instruction No. 11 to the jury, the conviction below may stand. The uncontroverted testimony introduced at trial revealed that, at the time of the shooting, the defendant was seated within the security of his parked truck on a public street abutting the decedent's property and that from this vantage point the defendant fired five shots into the unarmed decedent who fell dead in his own front yard.

___

fact that he was armed with a pistol and had no license to carry the same shall be prima facie evidence of his intention to commit said crime of violence."

■ An accused cannot avail himself of error as a ground for reversal where the error has not been prejudicial to him. *State v. White,* 72 Wn.2d 524, 433 P.2d 682 (1967). Error cannot be regarded as harmful so as to require reversal unless, within reasonable probabilities, had the error not occurred, the result might have been materially more favorable to the one complaining of it. *United States v. Walton,* 411 F.2d 283 (9th Cir. 1969). We do not believe the average juror would have found the prosecutor's case significantly less persuasive had the jury not been instructed on the statutory presumption of the defendant's specific intent to kill. The error was harmless. *Schneble v. Florida,* 405 U.S. 427, 31 L. Ed. 2d 340, 92 S. Ct. 1056 (1972).

Accordingly, the trial court's finding of guilt on the charge of murder in the second degree is affirmed.

FINLEY, ROSELLINI, HUNTER, and WRIGHT, JJ., concur.

HALE, C.J. (concurring in the result)—I concur in the result, but would hold RCW 9.41.030 constitutional for the reasons stated in my concurring and dissenting opinion in *State v. Odom,* 83 Wn.2d 541, 520 P.2d 152 (1974).

HAMILTON, J., concurs with HALE, C.J.

STAFFORD, J. (concurring in the result only)—This is a companion case to *State v. Odom,* 83 Wn.2d 541, 520 P.2d 152 (1974). For the reasons stated in *Odom,* I concur in the result only.

BRACHTENBACH, J., concurs with STAFFORD, J.

Petition for rehearing denied June 24, 1974.