[No. 2088-2.    Division Two.    March 25, 1976.]

THE STATE OF WASHINGTON, *Respondent*, v. TERRY L. LEWIS, *Appellant*.

*Ralph E. Olson,* for appellant.

*Jeremy R. Randolph, Prosecuting Attorney,* for respondent.

REED, J.—The defendant, Terry L. Lewis, was convicted of third-degree assault while armed with a firearm and appeals from the judgment and sentence imposed thereon.

Commencing in the early evening hours of November 21, 1974, and continuing into the early morning of November 22, 1974, defendant and his wife pursued a course of drinking and arguing. This all culminated in defendant's demanding that Mrs. Lewis leave the family home and threatening to "blow her brains out" if she should return and enter his bedroom. Mrs. Lewis left through the back door which defendant latched behind her and he then retired to the bedroom where he placed a .22 caliber pistol under his pillow. After wandering around in the dark for a time, Mrs. Lewis returned and knocked on the back door. Receiving no reply, she then picked up a shovel and thrust it through the plastic covering on the door. The defendant, hearing noises outside, grabbed his pistol from under the pillow and stepped onto the enclosed back porch. As he did so the shovel came through the plastic, and defendant pointed the pistol in the direction of the shovel and fired through the door, wounding Mrs. Lewis in the arm. The defendant claimed he did not know it was his wife outside and that the gun accidentally discharged.

Defendant was charged with second-degree assault while armed with a firearm, RCW 9.41.025, and a deadly weapon, RCW 9.95.040. The defendant proposed and the trial court gave several instructions on third-degree assault as a lesser

included offense, and the jury returned a verdict of guilty of third-degree assault with a special finding that defendant was armed with a firearm. There was no deadly weapon finding. Pursuant to RCW 9.41.025 (1) and RCW 9.95.010, defendant was sentenced to a maximum term of 20 years, and it is from that sentence he appeals.[1]

Defendant's assignments of error raise the following issues: (1) Did the trial court err by instructing on third-degree assault? (2) Was defendant deprived of due process because there was no evidence to support a conviction of third-degree assault? (3) Is RCW 9.41.025 indefinite and vague so as to deny due process? (4) Does RCW 9.41.025 unconstitutionally elevate the gross misdemeanor of third-degree assault to felony status, thus giving a prosecutor unbridled discretion to charge either as a gross misdemeanor or as a felony? (5) Was a 20-year maximum sentence the appropriate penalty?

We resolve all issues in favor of the State and affirm the conviction and sentence.

The first two issues are so interrelated we will discuss them together. Defendant claims he was improperly convicted of third-degree assault, relying on the cases which hold that where the evidence supports a conviction of assault in the second degree there must be either a conviction or an acquittal of that crime and third-degree

---

[1]RCW 9.41.025 provides in part as follows:

"Any person who shall commit or attempt to commit any felony, or any misdemeanor or gross misdemeanor categorized herein as inherently dangerous, while armed with, or in the possession of any firearm, shall upon conviction, *in addition to the penalty provided by statute for the crime committed without use or possession of a firearm*, be imprisoned as herein provided:

"(1) For the first offense the offender shall be guilty of a felony and the court shall impose a sentence of *not less than five years*, which sentence shall not be suspended or deferred;" (Italics ours.)

RCW 9.95.010 provides in pertinent part: "If the law does not provide a maximum term for the crime of which such person was convicted the court shall fix such maximum term, which may be for any number of years up to and including life imprisonment but in any case where the maximum term is fixed by the court it shall be fixed at not less than twenty years."

assault should not be submitted to the jury. *State v. Stationak,* 73 Wn.2d 647, 440 P.2d 457 (1968). Here the State charged Mr. Lewis with second-degree assault in that he did "unlawfully and feloniously assault another . . . with a weapon likely to produce bodily harm." RCW 9.11.020(4). Defendant did not deny that he shot his wife with a .22 caliber pistol as the evidence undeniably established, but claimed his acts were not willful, *i.e.,* that he did not know who was outside and did not intend to shoot whoever might be there, the pistol having gone off accidentally. If the jury chose to disbelieve the defendant's version the facts would support a verdict of second-degree assault as charged, but if the jury did believe his story, the facts would not support a conviction of *any assault.* It was error, therefore, to instruct on third-degree assault as defined in RCW 9.11.030.[2] We perceive that some misunderstanding and confusion over the rule has arisen because assault in a lesser degree will always seem to be a part of and included within a charge of assault in a greater degree. That such is not the case is perhaps best stated in *State v. Kruger,* 60 Wash. 542, 543, 111 P. 769 (1910) as follows:

> But it is contended that assault in the second degree includes assault in the third degree, and that the court was warranted is [*sic*] submitting that crime to the jury, and that the verdict was sustained. It is true that the greater includes the less, but the defendant is not guilty of either unless the testimony brings him *within the definition of a crime.* It was never the intent of the law to submit a possible verdict upon a so-called included crime because *included in law. It must be included in fact,* and by the facts of the particular case.

(Italics ours.) And, as was said in *State v. Stationak, supra* at 649-50:

> Since third degree assault is defined as one "not amounting to assault in either the first or second de-

---

[2] RCW 9.11.030 defines assault in the third degree as follows:

"Every person who shall commit an assault or an assault and battery *not amounting to assault in either the first or second degrees,* shall be guilty of assault in the third degree, and shall be punished as for a gross misdemeanor." (Italics ours.)

grees," if the facts of the case are such that defendant could have been found guilty of either first or second degree assault, then he could not have been found guilty of third degree assault.

(Footnote omitted.)

The giving of these erroneous instructions does not require reversal, however, as will be seen. The instant case is unusual in that it does not arise from the giving of the prosecution's instructions over a defense objection as in *Kruger*, nor from a refusal to give a requested defense instruction as in *Stationak*. Rather, we have the unique situation of the defendant himself requesting the instructions and, of course, not objecting to them at trial so they became the law of the case. *State v. Sims*, 14 Wn. App. 277, 539 P.2d 863 (1975); *State v. Queen*, 73 Wn.2d 706, 440 P.2d 461 (1968). Ordinarily, a self-invited error precludes appellate review. *State v. Grant*, 9 Wn. App. 260, 511 P.2d 1013 (1973); *State v. Newman*, 4 Wn. App. 588, 484 P.2d 473 (1971). Defendant contends, however, that since he is asserting a denial of constitutional due process—*i.e.*, a complete lack of evidence to support conviction—appellate review is not precluded, citing: *State v. Cuzick*, 85 Wn.2d 146, 530 P.2d 288 (1975); *State v. Galen*, 5 Wn. App. 353, 487 P.2d 273 (1971); *State v. Peterson*, 73 Wn.2d 303, 438 P.2d 183 (1968).

We are reluctant to apply the rule of these cases, however, to a situation of self-invited error. It is obvious that defense counsel employed a tactical maneuver in what then appeared to be the best interest of his client. The evidence was substantial, if not overwhelming, that defendant willfully and intentionally shot his wife with a pistol and was therefore guilty of second-degree assault. Facing what appeared to be an almost certain felony conviction, it would clearly be to defendant's advantage to attempt to reduce the gravity of the offense to that of a gross misdemeanor. Having gambled and won in the face of unfriendly odds, the defendant should not now be heard to complain of his victory, however hollow it might now appear to be.

We find no cases squarely on point in Washington, but believe the proper rule to be that enunciated in *Patterson v. State*, 233 Ga. 724, 731, 213 S.E.2d 612, 617 (1975) which involved a constitutionally inferior alibi instruction proposed by the defendant:

> Defendant's attorney argues now that even assuming he requested the charge, nonetheless he may not for this procedural reason be barred from complaining of it, *because its infirmity is of constitutional magnitude.* Translated, this argument urges that one may not waive a constitutional right. This is not the law. A criminal defendant may in a procedural setting implement choices *which have the effect of waiving basic constitutional guarantees.*

(Italics ours.)

We hold, therefore, that when a defendant in the procedural setting of a criminal trial makes a tactical choice in pursuit of some real or hoped for advantage, he may not later urge his own action as a ground for reversing his conviction even though he may have acted to deprive himself of some constitutional right. A criminal defendant is entitled to a fair trial *from the state*, including due process. He is not denied due process *by the state* when such denial results from his own act, nor may the state be required to protect him from himself.

Defendant next contends that RCW 9.41.025 (4)[3] is unconstitutionally vague in defining "inherently dangerous" misdemeanors and gross misdemeanors and posits a number of exaggerated factual situations to which the act might apply to make otherwise fairly innocuous conduct a serious criminal offense if engaged in while armed with or

---

[3] RCW 9.41.025 (4) provides:

"Misdemeanors or gross misdemeanors categorized as 'Inherently Dangerous' as the term is used in this statute means any of the following crimes or an attempt to commit any of the same: Assault in the third degree, provoking an assault, interfering with a public officer, disturbing a meeting, riot, remaining after warning, obstructing firemen, petit larceny, injury to property, intimidating a public officer, shoplifting, indecent liberties, and soliciting a minor for immoral purposes."

in possession of a firearm. Suffice it to say, defendant was charged with second-degree assault and not with having committed one of the inherently dangerous misdemeanors listed and could not, therefore, have been prejudiced in his defense and, not being aggrieved, has no standing to urge this ground on appeal. *State v. Sluder*, 11 Wn. App. 8, 521 P.2d 971 (1974).

■■ Defendant next asserts that the legislature has improperly elevated the crime of third-degree assault from a gross misdemeanor to a felony by authorizing penitentiary imprisonment when committed with a firearm. Defendant argues this vests unbridled discretion in the prosecuting attorney to charge the same act either as a gross misdemeanor or as a felony, thus denying equal protection of the laws. *State v. Zornes*, 78 Wn.2d 9, 475 P.2d 109 (1970); *Olsen v. Delmore*, 48 Wn.2d 545, 295 P.2d 324 (1956). We see no merit to these contentions since the *offense* of third-degree assault remains as before enactment of the statute; the legislature has said simply that, given the added element of commission of that offense while armed, an additional prison term shall be imposed. As stated in *State v. Boyer*, 4 Wn. App. 73, 480 P.2d 257 (1971), at 75:

> The legislature is the appropriate institution to define conduct as criminal. . . . Cumulative punishment is allowed in our state whenever offenses differ according to their distinct elements, that is, whenever each has a distinct element not included in the other.

(Citation omitted.) Defendant's equal protection argument was answered in *State v. Hines*, 5 Wn. App. 587, 489 P.2d 746 (1971), which involved a conviction of petit larceny while armed and imposition of the penalties prescribed by RCW 9.41.025, when the court said at page 590:

> "the equal protection clause does not require things which are in fact different to be treated in law as though they are the same." *Rinaldi v. Yeager*, 384 U.S. 305, 16 L. Ed. 2d 577, 86 S. Ct. 1497 (1966).

Classifications set forth in statutes do not impinge upon the equal protection clause unless "the discrimination or

inequity produced by the particular classification is manifestly arbitrary, unreasonable, inequitable and unjust." *State v. Persinger*, 62 Wn.2d 362, 382 P.2d 497 (1963).

. . . The question is whether it is reasonable for the legislature *to elevate certain enumerated misdemeanors to the status of felonies when those misdemeanors are perpetrated while armed.*

A particular classification is reasonable if (1) there is a difference in any of the elements of two similar crimes, (2) either requires a difference in proof, or (3) there was a difference in the crimes at common law. . . . The elements of and proof of petit larceny while armed differs from other misdemeanors, whether enumerated in the statute or not. The scheme of classification of the statute is thus reasonable and does not deny equal protection.

(Citations omitted. Italics ours.)

Finally, we address ourselves to the propriety of the 20-year maximum sentence imposed in this case. The learned trial judge expressed some frustration when he concluded he could not follow the recommendations of the presentence report that he grant probation in light of certain steps taken by Mr. Lewis to solve his drinking problems and rehabilitate himself. The judge felt bound, however, by the provisions of RCW 9.41.025(1) which mandate imposition of a nonsuspendable, nondeferable sentence of "not less than five years." Because that statute does not provide for a maximum term, he also felt obliged by the provisions of RCW 9.95.010 to sentence to a maximum term of not less than 20 years, leaving it to the Board of Prison Terms and Paroles to fix defendant's "term of confinement."

RCW 9.41.025, despite its "troubled history," has never been before our appellate courts for an interpretation of its sentencing provisions where the underlying crime is a misdemeanor. We must determine, therefore, the legislative intent behind the use of the words "shall be guilty of a felony" and the effect of the provision requiring a sentence of "not less than five years." In *State v. Boyer, supra,* the statute was construed as not creating a "new felony" when

the underlying offense is already a felony, the court reasoning that in such case the words "shall be guilty of a felony" in the sentencing portion of the statute mean nothing and must instead have been intended to raise an underlying misdemeanor offense "to the status of a felony." *See also State v. Hines, supra.*

In the case of *Chapin v. Rhay*, 59 Wn.2d 459, 367 P.2d 832 (1962), our Supreme Court construed former RCW 69.33.410 as indeed elevating to felony status the gross misdemeanor offense of uttering a forged prescription for narcotics by prescribing imprisonment for "not less than five years" on a second conviction. The court there stated at page 461:

> In determining legislative intent, with which we are here concerned, we are not limited to the provisions of the act being construed, but may consider the general provisions of the criminal statutes.

The *Chapin* result was reached after an examination of RCW 9.01.020,[4] RCW 9.92.020,[5] and RCW 9.95.010, the court reasoning that imprisonment for any period longer than 1 year necessarily contemplates confinement in the state penitentiary and

> [s]ince the maximum term for a gross misdemeanor is limited to one year in the county jail, we conclude that the legislature intended that a second conviction under the narcotics act, with a minimum term of five years' imprisonment, constitutes conviction of a felony.

[4]RCW 9.01.020 states:

"Classification of crimes. A crime is an act or omission forbidden by law and punishable upon conviction by death, imprisonment, fine or other penal discipline. Every crime which may be punished by death or by imprisonment in the state penitentiary is a felony. Every crime punishable by a fine of not more than two hundred and fifty dollars, or by imprisonment in a county jail for not more than ninety days, is a misdemeanor. Every other crime is a gross misdemeanor."

[5]RCW 9.92.020 provides:

"Punishment of gross misdemeanor when not fixed by statute. Every person convicted of a gross misdemeanor for which no punishment is prescribed in any statute in force at the time of conviction and sentence, shall be punished by imprisonment in the county jail for not more than one year, or by a fine of not more than one thousand dollars, or by both."

*Chapin v. Rhay, supra* at 462. Accordingly, the court approved imposition of a maximum term of not less than 20 years. In *State v. Rose,* 7 Wn. App. 176, 498 P.2d 897 (1972), we construed RCW 9.41.025 (5) as creating a "new felony" of resisting apprehension or arrest by firing upon an officer and interpreted the language dictating imposition of a prison term of "not less than ten years" as requiring the application of a mandatory maximum term of not less than 20 years, pursuant to RCW 9.95.010.

Therefore, because of the language "shall be guilty of a felony" and because of the provisions for imprisonment in the state penitentiary, we hold the legislature intended to elevate certain "inherently dangerous" misdemeanors and gross misdemeanors to felony status if committed under the aggravated circumstances encompassed by the act. Accordingly, the 20-year maximum sentence was properly imposed on Mr. Lewis for commission of third-degree assault while armed with a firearm, pursuant to RCW 9.95.010.

Conviction and sentence affirmed.[6]

PETRIE, C.J., and PEARSON, J., concur.

Petition for rehearing denied May 6, 1976.

Review denied by Supreme Court July 27, 1976.

---

[6]Defendant suggests that this interpretation of RCW 9.41.025 results in equal punishment for second- and third-degree assault when either is committed with a firearm. We do not agree. Strict compliance with the sentencing provisions of the statute requires that the court first impose the sentence provided by statute for the crime if committed without a firearm and then additionally impose the sentence provided for that crime if committed while armed. The penalty for second-degree assault is "not more than ten years" and/or a fine, RCW 9.11.020, whereas the penalty for third-degree assault is imprisonment in the county jail for "not more than one year" and/or a fine, RCW 9.11.030, RCW 9.92.020. It is apparent that the punishment may be much greater in the case of second-degree assault while armed.

We note, finally, that RCW 9.41.025, unlike the federal statute 18 U.S.C.A. § 924(c) (1966), and similar legislation in other jurisdictions, *e.g.,* Cal. Penal Code § 12022.5, does not limit the court to consecutive terms.