[No. 46109.   En Banc.   February 28, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. MARLON K. STEPHENS, *Petitioner.*

*Olson, Pietig & Althauser* and *Charles T. Althauser,* for petitioner (appointed counsel for appeal).

*John Panesko, Prosecuting Attorney,* for respondent.

HICKS, J.—Petitioner Stephens was convicted of second–degree assault while armed with a deadly weapon which was also a firearm. The Court of Appeals affirmed. *State v. Stephens,* 22 Wn. App. 548, 591 P.2d 827 (1978). Stephens challenges the decision claiming that (1) an instruction phrasing the names of the two prosecuting witnesses in the disjunctive was not harmless error, and (2) RCW 9.41.025, the firearm enhancement statute, cannot be applied to the crime of second–degree assault under *State v. Workman,* 90 Wn.2d 443, 584 P.2d 382 (1978). We agree with petitioner's first contention and we modify the opinion of the Court of Appeals accordingly.

On the morning of October 17, 1976, complaining witnesses Heieck, age 26, and Jahnke, age 19, drove from Chehalis to Pe Ell assertedly to visit Joyce Belcher and her daughters. Unbeknownst to Heieck, who had previously visited Mrs. Belcher in Pe Ell, she had moved and defendant Stephens was residing at her current residence.

After some effort to locate Mrs. Belcher, Heieck sent Jahnke to a house he thought might be the correct one. Whoever answered the door impressed Jahnke as rather inhospitable, which Jahnke reported to Heieck. The men then drove away, but returned a short while later to inquire further.

On the second visit, Heieck again sent Jahnke to the door where he was met by Stephens, who instructed him to leave. Jahnke signaled to Heieck, whereupon Heieck got out

of the car, removed his jacket and joined Janke on the porch.

Although witnesses gave conflicting testimony of what transpired, some kind of scuffle ensued. Regarding the altercation, Heieck testified that Stephens yelled at him and was standing too close, so he pushed Stephens at least twice, whereupon Stephens reentered the house, closing and locking the door. Heieck testified he heard the sound of a gun being loaded as he and Jahnke left the porch to return to the car.

Stephens reappeared on the porch holding a 12–gauge shotgun. Heieck was standing near the front door of the driver's side of the car, which placed the car between him and the porch. Jahnke was at the door on the passenger side, the side immediately facing the porch. Stephens fired one shot which struck the car's right front fender a few inches above and ahead of the front tire, scarring the fender and puncturing the radiator, but not injuring either man. Heieck ran down the road instructing Jahnke to drive the car away, which he did.

The incident was reported to the Lewis County Sheriff and Stephens was arrested later that day. He was charged with one count of second–degree assault against Heieck *and* Jahnke under RCW 9A.36.020(1)(c). The information also alleged that Stephens was armed with a deadly weapon under RCW 9.95.040 (*see also* RCW 9A.04.110(6)), which was also a firearm under RCW 9.41.025(1). Stephens pleaded not guilty. He contended (1) lack of intent; (2) self–defense; and (3) defense of property.

A jury trial was held December 9 and 10, 1976, and a verdict of guilty was returned on the assault charge. The jury further found against Stephens on the firearm and deadly weapon allegations. The court denied defendant's motion for a new trial which was predicated on the ground, *inter alia,* that instruction No. 6A setting forth the elements of the crime, permitted a nonunanimous verdict.

Stephens was sentenced to the 10–year maximum for the assault. In addition, the court imposed a maximum of 20

years with a 5-year minimum under the uniform firearms act, RCW 9.41.025(1), under *State v. Lewis,* 15 Wn. App. 172, 548 P.2d 587 (1976). This sentence was to run concurrently with the 10-year term. Defendant appealed, raising two issues: (1) a challenge to imposition of the 20-year maximum term under the enhanced penalty provisions of the uniform firearms act; and (2) a challenge to instruction No. 6A phrased in the disjunctive.

The Court of Appeals held: (1) the challenged instruction was improper; however, under the circumstances it was harmless error; and (2) it was improper to impose the 20-year maximum enhanced penalty. The court "receded" from its earlier decision in *Lewis,* insofar as inconsistent. It held the enhanced penalty under RCW 9.41.025 is merely an additional *minimum* condition to the underlying 10-year maximum sentence already imposed for second-degree assault, rather than a new term to be served separately from the underlying sentence. The State has not cross-petitioned from the Court of Appeals determination that the trial court erroneously sentenced Stephens to a 20-year maximum.

Petitioner asserts that the Court of Appeals erred in finding harmless error regarding instruction No. 6A. He further argues that the Court of Appeals erroneously applied the firearm enhancement statute to the crime of second-degree assault in conflict with *State v. Workman, supra.*

When a defendant is charged with one count of assault against two victims conjunctively, is it harmless error to phrase an instruction to the jury with the names of the victims in the disjunctive? We conclude it is not harmless error in this instance.

The State charged Stephens with one count of assault against Heieck and Jahnke. Instruction No. 6A stated, *inter alia,* that the jury must find "the defendant knowingly assaulted Richard Heieck *or* Norman Jahnke." (Italics ours.) Defense counsel objected to instruction No. 6A as permitting a nonunanimous jury verdict. Counsel pointed

out that instruction No. 1 set forth the verbatim text of the amended information charging Stephens with one count of assault against Heieck and Jahnke. The Court of Appeals found the instruction to be "impermissible" because it allowed conviction if, *e.g.,* six jurors believed Stephens assaulted Jahnke and six believed he assaulted Heieck. We agree.

■ Washington requires unanimous jury verdicts in criminal cases. *State v. Badda,* 63 Wn.2d 176, 385 P.2d 859 (1963). At the very least, the discrepancy between the instructions engenders confusion which is not alleviated by instruction No. 19 on the general requirement of unanimity. The State's citation of *State v. Arndt,* 87 Wn.2d 374, 553 P.2d 1328 (1976) is inapposite. In *Arndt,* we held that when alternative means of committing a single crime are charged and substantial evidence exists to support each alternative, jurors need not be unanimous as to the mode of commission. Unlike *Arndt,* the instant case involved one mode of commission under RCW 9A.36.020(1)(c). Further, instruction No. 6A related to the *fact* of whether the charged crime had been committed, not to alternative modes of commission. The instruction, in effect, split the action into two separate crimes (assault against Jahnke and assault against Heieck), while the information charged only one.

■ Instruction No. 6A was improper. Was it, nevertheless, harmless? The Court of Appeals found it to be so, applying the standard for prejudicial error set forth in *State v. Wanrow,* 88 Wn.2d 221, 237, 559 P.2d 548 (1977):

> A harmless error is an error which is *trivial,* or *formal,* or *merely academic,* and was not prejudicial to the substantial rights of the party assigning it, and *in no way affected the final outcome of the case.*

Stephens asserts that his constitutional right to a jury trial was infringed. Const. art. 1, § 22. We note that the harmless error rule may apply even when the error stems from violation of the constitution (*State v. Rogers,* 83 Wn.2d 553, 520 P.2d 159 (1974)); however, violation of a

defendant's constitutional rights is presumed to be prejudicial. *State v. Burri,* 87 Wn.2d 175, 181, 550 P.2d 507 (1976).

Moreover, an error of constitutional proportions will not be held harmless unless the appellate court is "able to declare a belief that it was harmless beyond a reasonable doubt." *Chapman v. California,* 386 U.S. 18, 24, 17 L. Ed. 2d 705, 87 S. Ct. 824, 24 A.L.R.3d 1065 (1967); *accord, State v. Johnson,* 71 Wn.2d 239, 244–45, 427 P.2d 705 (1967). Such a determination is made from an examination of the record from which it must affirmatively appear the error is harmless. *State v. Martin,* 73 Wn.2d 616, 627, 440 P.2d 429 (1968).

*State v. Burri, supra* at 182.

Here we cannot say that beyond all reasonable doubt the error was harmless. The record contains testimony indicating that defendant directed his action at both men; it also contains photographs admitted as illustrative of the position of Heieck and Jahnke in relation to the car and the point the shot impacted. It does not necessarily establish beyond a reasonable doubt that Stephens assaulted both men. When the photographs are considered together with the fact that only Heieck was physically involved with Stephens in the altercation on the porch and that Heieck, not Jahnke, had the earlier contact with Mrs. Belcher and her family, one might conclude from the evidence that Heick alone was assaulted.

In light of the discrepancy between the instructions, we are unable to conclude that the error "in no way affected the final outcome of the case." Instruction No. 6A purported to set forth the elements of the crime, structuring the deliberations of the jury. The error therein cannot be deemed trivial or formal.

We find Stephens' second challenge to the decision of the Court of Appeals that RCW 9.41.025, the firearm enhancement statute, cannot be applied to the crime of second–degree assault under *State v. Workman,* 90 Wn.2d 443, 584 P.2d 382 (1978), to be controlled by *State v. Foster,* 91 Wn.2d 466, 589 P.2d 789 (1979). We are disinclined to

reconsider *Foster* at this time. On this issue, we affirm the Court of Appeals.

Reversed and remanded.

UTTER, C.J., ROSELLINI, STAFFORD, WRIGHT, DOLLIVER, and WILLIAMS, JJ., and LOY, J. Pro Tem., concur.

BRACHTENBACH, J. (concurring)—I concur in the result but still contend that the result in *State v. Arndt,* 87 Wn.2d 374, 553 P.2d 1328 (1976) is not and should not be the law. A defendant is entitled to a unanimous verdict as to whether he or she committed the crime in one of the manners charged. See dissent in *State v. Arndt, supra* at 387.

UTTER, C.J., STAFFORD, J., and LOY, J. Pro Tem., concur with BRACHTENBACH, J.