# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 68022-6-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| JOHN FREEMAN, | ) | UNPUBLISHED OPINION |
| Appellant. | ) | FILED: March 11, 2013 |

SPEARMAN, A.C.J. – John Freeman challenges his conviction for fourth degree assault and first degree unlawful possession of a firearm. He argues that sufficient evidence did not support the assault conviction and the trial court erred in excluding portions of recorded telephone calls. Both of Freeman's claims lack merit and we affirm.

## FACTS

On July 17, 2010, Johnnie Lawson and Anthony Reynolds were working as security guards for a concert at the Monte Carlo Casino in SeaTac, Washington. After the concert ended, around 2:00 a.m., Lawson was standing in the parking lot ensuring the crowd cleared out and Reynolds was escorting the concert promoter's mother through the parking lot to her car. Lawson heard people behind him screaming the word "gun." He turned and saw Freeman pointing a handgun at him. Reynolds also saw Freeman pull a handgun from his pants. Other security guards rushed towards Freeman and Freeman fled.

Law enforcement arrived on the scene at approximately the same time, responding to an unrelated call. The officers observed several security guards chasing Freeman and heard one of the guards yell, "Hey, stop him. He's the one that has the gun. He has a gun." Freeman was running with one hand swinging and one hand on his waist as though he were holding something. Freeman ignored the officers' demands to stop running. During the chase, Freeman attempted to climb a wall and the officers saw a silver object fall from his midsection. Officers ultimately subdued Freeman and took him into custody. A handgun was recovered near the wall where the officers observed something fall from Freeman's waist. Lawson identified the weapon as the gun Freeman had pointed at him, and officers identified the weapon as what they saw fall.

The State charged Freeman with one count of second degree assault with a firearm enhancement and one count of first degree unlawful possession of a firearm. While held in the King County Jail pending trial, Freeman made telephone calls referencing the incident. The jail recorded the telephone calls, and the State moved to admit portions of the recorded calls. Freeman objected to the admission of the recordings. He later sought to admit additional portions of the recordings under ER 106, arguing that it was necessary to put his recorded statements in context. The portions Freeman sought to introduce primarily consisted of Freeman denying any involvement in the incident. The trial court analyzed each of the statements Freeman sought to include and denied Freeman's request. The portions of the recordings designated by the State were played for the jury.

At trial, Freeman proposed an instruction on the lesser-included offense of fourth degree assault. The trial court gave the instruction. The jury did not reach a

No. 68022-6-1/3

verdict on the second degree assault charge, but found Freeman guilty of fourth degree assault. The jury also convicted Freeman of first degree unlawful possession of a firearm. Freeman timely appeals.

DECISION

1. Sufficiency of the Evidence

Freeman argues that there is insufficient evidence to support his conviction on the lesser-included offense of fourth degree assault. He claims that the definition of fourth degree assault is an assault committed without a deadly weapon, and because the State did not present evidence that Freeman assaulted Lawson with anything other than a gun, the jury did not have sufficient evidence to convict. We need not decide that question here because any error was invited and therefore waived.

Under the "invited error" doctrine, a defendant may not make a tactical choice in pursuit of some real or hoped for advantage and later urge his own action as a ground for reversal. State v. Lewis, 15 Wn. App. 172, 176, 548 P.2d 587 (1976) receded from on other grounds by State v. Stephens, 22 Wn. App. 548, 591 P.2d 827 (1979). A defendant may not request an instruction and later complain on appeal that the requested instruction was given. City of Seattle v. Patu, 147 Wn.2d 717, 58 P.3d 273 (2002).

Freeman requested the lesser-included instruction on fourth degree assault. For a defendant to be entitled to an instruction on a lesser-included offense, there must be evidence that, if believed, supports the inference that the lesser-included offense was committed. State v. Workman, 90 Wn.2d 443, 448, 584 P.2d 382 (1978). Having made the tactical decision to request a lesser-included instruction, Freeman

-3-

cannot now argue that one was not warranted because the evidence did not support it. The invited error doctrine precludes review of this claim.

### 2. Jail Phone Calls

Freeman claims that the trial court erred when it refused to admit additional portions of the recorded telephone calls on the grounds that they were "self-serving hearsay." He contends the additional portions were admissible under ER 106, the "rule of completeness." He further argues that the trial court's error violated his constitutional right to present a defense. On the record before us, Freeman is not entitled to relief on either claim.

The admissibility of evidence rests within the sound discretion of the trial court and this court will not disturb the trial court's decision unless no reasonable person would adopt the trial court's view. State v. Atsbeha, 142 Wn.2d 904, 913-14, 16 P.3d 626 (2001). Under ER 106, if a party introduces a statement, an adverse party may require the party to introduce any other part "which ought in fairness to be considered contemporaneously with it." ER 106. However, the evidence must be relevant to the issues in the case, and "the trial judge need only admit the remaining portions of the statement which are needed to clarify or explain the portion already received." State v. Larry, 108 Wn. App. 894, 910, 34 P.3d 241 (2001) (citing United States v. Velasco, 953 F.2d 1467, 1475 (7th Cir. 1992). In addition, the right to present testimony in one's defense is guaranteed by both the United States and the Washington Constitutions. State v. Hudlow, 99 Wn.2d 1, 14, 659 P.2d 514 (1983). But the right is not absolute; a defendant does not have the right to introduce evidence that is irrelevant or otherwise inadmissible. State v. Rehak, 67 Wn. App. 157, 162, 834 P.2d 651 (1992).

When making its rulings on these issues the trial court had before it: (1) a transcript of the complete recording of the phone calls; (2) a transcript of the redacted recording; and (3) the redacted recording. None of these exhibits have been designated as part of the record on this appeal. Without them, we are unable to review the trial court's exercise of its discretion regarding these matters.[1] Allemeier v. Univ. of Wash., 42 Wn. App. 465, 473, 712 P.2d 306 (1985). (In the absence of a full and complete trial record, it is not possible to review the challenged evidence in the context of the rest of the evidence presented.) Freeman has the burden of perfecting the record so that this court has before it all of the evidence relevant to the issue. RAP 9.2(b); State v. Sisouvanh, 175 Wn.2d 607, 619, 290 P.3d 942 (2012).He has not done so. Absent an affirmative showing of error, we presume a trial court's decision to be correct. State v. Wade, 138 Wn.2d 460, 464, 979 P.2d 850 (1999).

Affirmed.

WE CONCUR:

Spearman, A.C.J.

Becker, J.

---

[1] Although the deputy prosecutor and defense counsel argued at length over the challenged portions, the parties referred to the portions primarily by line and page number or by summarization. The trial court evaluated each portion and determined they were not relevant or not likely to be helpful to the jury in explaining the admitted portions. Without the benefit of an adequate record, we are not in a position to disturb the trial court's rulings on appeal.