[No. 11360–7–I.   Division One.   July 27, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. NORMAN D. CRAMER, *Appellant.*

required by CrR 3.2. We note CrR 3.2 was amended by the Supreme Court; the amended rule becomes effective September 1, 1983.

*Abbott, Curtis, Galvin & Sandell* and *Charles Sandell,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Kathryn Goater, Deputy,* for respondent.

CORBETT, J.—Defendant, Norman D. Cramer, appeals his judgment and sentence entered on a jury verdict finding him guilty of one count of indecent liberties. His sole assignment of error concerns the admission of testimony about the electronic transcription of a conversation made contrary to RCW 9.73.030. We affirm.

Defendant was charged by amended information with three counts of indecent liberties, one count of second degree rape, and one count of first degree statutory rape. Each count dealt with a different child. One of the children was the defendant's 15–year–old natural son. Prior to trial, the defendant moved to suppress evidence of a tape recording of a conversation between him and his stepson, made by the boy without the defendant's knowledge. The motion to suppress was based upon RCW 9.73.030.[1] The trial judge granted the motion and suppressed the tape recording, but indicated that he would admit testimony

---

[1] "Except as otherwise provided in this chapter, it shall be unlawful for any individual . . . to intercept, or record any:

". . .

"(b) Private conversation, by any device electronic or otherwise designed to record or transmit such conversation . . . without first obtaining the consent of all the persons engaged in the conversation." RCW 9.73.030.

"Any information obtained in violation of RCW 9.73.030 . . . shall be inadmissible in any . . . criminal case in all courts of general or limited jurisdiction in this state . . ." RCW 9.73.050.

concerning the making of the tape recording, stating:

> But, I am persuaded that the fact of making the tape, presenting it to the parents and eventually persuading them that they should take these matters seriously is an independent, significant event that is relevant and admissible, notwithstanding the inadmissibility of the contents of the tape.

Defendant was granted a continuing objection to testimony concerning the recording.

The alleged victim who made the tape testified that the defendant sexually molested him over a 4–year period and that he had reported the abuse to his mother, but she had not believed him. After making a second report to no avail, he tape–recorded one of the sessions with the defendant so that he would have physical proof of the assault to present to his mother. He placed the recorder under his bed, taped the microphone to the back of the dresser next to the bed and turned it on. When the defendant entered his room, the session was recorded. After hearing the recording, his mother and father contacted the police.

The other children testified to recurring sexual contact with the defendant over a period of several years. Defendant testified on his own behalf and denied all of the children's allegations. He maintained that they had fabricated the charges in retaliation for his strict discipline. He did admit to sleeping in the same bed with his natural son on one occasion and that he might have fondled him in his sleep. The jury acquitted the defendant on all counts except the one involving his natural son. The contents of the tape recording did not relate to the incident for which defendant was convicted.

■ The Washington Privacy Act prohibits the recording of any private conversation without the consent of all parties to the conversation. RCW 9.73.030(1)(b). Any information obtained in violation of the act is inadmissible. RCW 9.73.050. The Legislature's primary purpose in enacting these statutes was to protect the privacy of individuals by prohibiting public dissemination of illegally obtained infor-

mation. *State v. Wanrow,* 88 Wn.2d 221, 233, 559 P.2d 548 (1977). To further this purpose, exclusion of both the illegal recording and testimony as to its contents is required. *State v. Williams,* 94 Wn.2d 531, 543, 617 P.2d 1012 (1980). Although the *Williams* decision did not discuss suppression of testimony concerning the fact of recording as opposed to the contents of the recording, the strong public policy expressed in the Privacy Act leads us to conclude that the Legislature intended to exclude testimony as to the fact that an illegal recording was made. We must, therefore, consider whether reference to the fact of recording was reversible error under the circumstances of this case.

■■ Defendant cannot successfully assert the error as a ground for reversal unless it has been prejudicial to him. *State v. Rogers,* 83 Wn.2d 553, 557, 520 P.2d 159, *cert. denied,* 419 U.S. 1053, 42 L. Ed. 2d 650, 95 S. Ct. 633 (1974). Admission of the testimony was a statutory violation, not one of constitutional proportions. *State v. Cunningham,* 93 Wn.2d 823, 831, 613 P.2d 1139 (1980). As such, the error is not prejudicial unless, within reasonable probabilities, had the error not occurred, the outcome of the trial would have been materially affected. *State v. Cunningham, supra* at 831. No reference to the tape recording was made in testimony concerning the count for which the defendant was convicted. Defendant was acquitted of the charges to which the tape related and made admissions in his testimony that could have led the jury to convict on the count involving his natural son. Therefore, he clearly was not prejudiced by the challenged testimony. We conclude that within reasonable probability, the outcome of the trial was not materially affected by the error.

Affirmed.

WILLIAMS and RINGOLD, JJ., concur.

Reconsideration denied September 16, 1983.

Review denied by Supreme Court December 2, 1983.