The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

Douglas G. **SIMMONS**, Defendant–Appellant.

No. 96CA1011.

Colorado Court of Appeals, Div. V.

Feb. 19, 1998.

Rehearing Denied May 21, 1998.

Certiorari Denied March 22, 1999.

**628**

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, John J. Fuerst III, Special Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Karen N. Taylor, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge KAPELKE.

Defendant, Douglas G. Simmons, appeals the judgment of conviction entered on a jury verdict finding him guilty of felony menacing and reckless endangerment. We affirm in part, reverse in part, and remand for further proceedings.

While intoxicated, defendant entered his sister's home armed with a large knife which he flourished over his head. Defendant's mother grabbed him, fearing that he was attempting to attack his sister's boyfriend. Defendant and his mother fell to the floor. The sister's boyfriend then disarmed defendant and threw the knife outside.

Upon arriving at the scene, the police discovered defendant in his car, which was parked on the street. The officers handcuffed defendant, then took statements from the family members and the boyfriend. Although no one wished to press criminal charges against defendant at that time, the police did place him in civil protective custody.

Without first obtaining a warrant, the police then searched defendant's car. As a result of this search, they seized certain items, including the knife he allegedly wielded inside the house.

Defendant was later charged with one count of felony menacing. The information specifically identified the sister's boyfriend as the victim of the offense.

Before trial, defendant filed a motion to suppress the evidence resulting from the search of his car. The court denied the motion.

At trial, the boyfriend testified that he believed defendant was going to harm his own mother with the knife. Defendant's mother testified that she believed defendant was going to harm the boyfriend. In his own testimony, defendant said he actually intended to harm only himself.

The jury was instructed that it could find defendant guilty of felony menacing if it found that he knowingly placed "another person" in fear of imminent serious bodily injury.

At defendant's request, the jury was also instructed on the lesser nonincluded offense of reckless endangerment. The jury found defendant guilty of both felony menacing and reckless endangerment.

I.

A.

■ Defendant contends that he was deprived of his rights to due process and a unanimous verdict as a result of a discrepancy between the information and the jury instructions, and by improper comments made by the prosecutor during closing argument. We agree in part.

The information charging defendant with felony menacing named only his sister's boyfriend as the victim. In closing, however, the prosecutor argued that the jury could convict defendant as long as he was aware that his conduct was "[p]ractically certain to cause the result of placing" defendant's mother and his sister's boyfriend "in fear of serious bodily injury." The prosecutor continued:

> What I'm trying to tell you is that even if [the sister's boyfriend] thought that [defendant's mother] was the intended victim, or [vice versa], that doesn't matter, as long as *they* are knowingly placed in fear of imminent serious bodily injury. . . .
>
> . . . .
>
> The fact is, based on their testimony, *they* were placed in fear of serious bodily injury. So I would encourage you to consider that. (emphasis added)

The prosecutor went on to add:

> This crime is about scaring the daylights out of somebody with a deadly weapon. That's what this crime is about, in sum, and *it doesn't matter who the perceived victim is.*
>
> What is important is that that fear of imminent serious bodily injury is generated by the use of the deadly weapon by the defendant. *You can even read this to include fear that he might—the defendant—might stab himself.*
>
> . . . .
>
> [W]hether he intended to harm himself or intended to harm others doesn't matter. The bottom line is that he is doing something that is generating fear. (emphasis added)

The jury instruction given by the court as to the felony menacing charge tracks the language of the pattern jury instruction. It provides that, in order to convict defendant, the jury must find that he "knowingly placed or attempted to place *another person* in fear of imminent serious bodily injury." *See COLJI–Crim.* No. 10:16 (1983)(emphasis added).

Defendant concedes that this instruction is technically correct. He argues, however, that when it is considered in connection with the improper remarks of the prosecutor in closing argument, it amounted to a constructive amendment to the information by allowing the jury to convict him of menacing his sister's boyfriend *or* his mother. Defendant also argues that the instruction allowed the jury to convict him of felony menacing without unanimously agreeing as to a particular victim. We agree with defendant's latter contention.

The defendant and the People disagree as to whether defendant adequately raised this issue by objection at trial and, thus, as to whether a plain error standard of review is applicable. The record is somewhat unclear in this regard. In any event, however, we determine that plain error occurred because the jury may have reached a less than unanimous verdict as to the felony menacing conviction.

Plain error occurs when a reviewing court can say with assurance that the error so undermined the fundamental fairness of the trial itself as to cast serious doubt on the reliability of the judgment of conviction. *People v. Kruse,* 839 P.2d 1 (Colo.1992); *People v. Hanson,* 928 P.2d 776 (Colo.App.1996).

Here, the charging document specified one particular victim: the sister's boyfriend. The jury instruction simply stated that defendant must have placed "another person" in fear and did not identify a specific victim.

Thus, the instruction itself did not actually amount to an amendment of the information since it did not name an additional or different victim. *See People v. Rodriguez,* 914 P.2d 230 (Colo.1996)(a constructive amendment occurs when an essential element of the charged offense is changed, thereby altering the substance of the charging document). *See also United States v. Wright,* 932 F.2d 868, 874 (10th Cir.1991)("A variance that

broadens the indictment constitutes a constructive amendment and is reversible per se.").

The more significant problem here is that, by reason of the prosecutor's comments in closing and the general nature of the jury instruction on felony menacing, it is impossible to determine whether the jury unanimously agreed as to a particular victim. Some of the jurors might have found the defendant guilty based on a menacing of the sister's boyfriend while the others might have based the verdict on a menacing of the mother. *See State v. Stephens*, 93 Wash.2d 186, 607 P.2d 304, 306 (1980)(where defendant was charged with one count of assault against two victims listed disjunctively in instruction, conviction was reversed because the instruction "allowed conviction if, *e.g.*, six jurors believed [defendant] assaulted [one victim] and six believed he assaulted [other victim]."); *People v. McNeill*, 112 Cal.App.3d 330, 169 Cal.Rptr. 313 (1980) (similar result under instruction permitting conviction of assault as to any one of four possible victims).

As in *McNeill* and *State v. Stephens, supra*, it is impossible to determine whether the jury here unanimously convicted defendant on the basis of menacing his sister's boyfriend or of menacing his mother. The jury instruction allows either conclusion because it does not specify a particular victim, and the prosecutor's comments, in effect, invited the jury to convict without regard to the identity of the victim. The prosecutor's additional improper suggestion that the jury could even premise a guilt finding on defendant's possible injury to *himself* compounded the potential jury confusion.

Therefore, defendant's conviction for felony menacing must be reversed. *See* § 16–10–108, C.R.S.1997; Crim. P. 31(a)(3).

The prosecution's reliance on *People v. Hanson*, 928 P.2d 776 (Colo.App.1996) is misplaced. There, the court rejected the defendant's contention that two separate *transactions* had occurred, which would have required the prosecution to elect one or the other. Instead, the court upheld the conviction because the defendant's two confrontations with the victims were virtually identical

and the incidents occurred within a few minutes of each other.

Here, however, the question is not which specific act defendant is accused of committing, but rather the identity of the particular victim defendant was being accused of menacing. Because there were two possible victims and the jurors were not instructed that they must unanimously agree as to one or the other, the judgment of conviction as to felony menacing must be reversed.

**B.**

■ We reject defendant's additional contention that the same analysis applies to the conviction on the lesser non-included offense of reckless endangerment. Like the felony menacing instruction, the jury instruction regarding that offense did not name a particular victim. Significantly, though, the prosecutor limited his arguments regarding multiple or alternative victims to the crime of felony menacing, and the jury instruction governing reckless endangerment had been submitted by defendant. Accordingly, we perceive no basis for reversal as to defendant's conviction for that offense.

**II.**

■ Among issues that may arise if there is a retrial is defendant's contention that the search of his car was illegal and that the trial court therefore erred in admitting the knife seized by police in the course of that search. We agree with defendant that the motion for suppression should have been granted.

At the hearing on defendant's motion to suppress, the court held that the warrantless search was reasonable because defendant was a danger to himself and to others. The court also held, in the alternative, that the search was permissible pursuant to the automobile exception. We disagree with both rationales.

■ Subject to a few narrow and specifically delineated exceptions, warrantless searches are presumptively invalid. *People v. Dandrea*, 736 P.2d 1211 (Colo.1987). The prosecution must prove that such a search would fall within one of those exceptions. *People v. Brewer*, 690 P.2d 860 (Colo.1984).

If a person is placed in civil protective custody, as here, the government has no interest in locating or preserving evidence. *People v. Chaves,* 855 P.2d 852 (Colo.1993). There is, however, a legitimate need to protect the safety of the police officers as well as that of the detainee. Normally, a pat-down search for weapons at the scene is sufficient to address that concern. *People v. Dandrea, supra.*

Here, defendant was immediately handcuffed by police when they arrived at the scene. Significantly, the search of defendant's car took place *after* the police had determined that no criminal charges would be filed and that he would be taken into civil protective custody.

The search of defendant's car was not necessary to protect his own safety since he no longer had access to the car or its contents. Nor did the prosecutor establish that the search was necessary to protect the safety of the officers. Defendant offered no resistance when handcuffed or while he was detained, no criminal charges were then pending against him, and he had no opportunity to re-enter his car.

We thus reject the prosecution's reliance on *People v. Melgosa,* 753 P.2d 221 (Colo.1988)(protective search of automobile may be necessary to protect safety of officers even though suspects detained because police were unsure of whether suspects would be released and would then be able to gain access to any weapons in their car).

■ We also disagree with the trial court's reliance on the automobile exception. There was no evidence presented at the suppression hearing to support a finding that the car might have been unavailable had the search been postponed until a warrant could be obtained. *See People v. Edwards,* 836 P.2d 468 (Colo.1992)(police officer may conduct warrantless search of automobile if: (1) there is probable cause to believe that it contains evidence of a crime; and (2) circumstances create practical risk of the car's unavailability if search postponed until a warrant is obtained).

Thus, because the search of defendant's car was improper and in violation of defen-

dant's constitutional rights, the knife seized pursuant to that search should not be admitted in the event of a retrial.

 Nevertheless, in light of the other evidence, including defendant's own testimony acknowledging that he brandished the knife, we consider admission of the knife to be harmless error vis a vis the conviction for reckless endangerment.

In view of our reversal of defendant's felony menacing conviction, we need not address his remaining evidentiary contention.

The judgment of conviction for reckless endangerment is affirmed; the judgment of conviction for felony menacing is reversed; and the cause is remanded for further proceedings consistent with this opinion.

Judge MARQUEZ and Judge ROTHENBERG concur.