2014 COA 142

**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Donald Wayne BERTRAND, Defendant–Appellant.**

**Court of Appeals No. 12CA0709**

Colorado Court of Appeals, Div. I.

Announced October 23, 2014

Rehearing Denied December 11, 2014

was asleep or partially asleep. Because this error was not harmless, we reverse and remand for a new trial.

## I. Background

¶ 2 Defendant is the cousin of the alleged victim, K.B. K.B. suffers from lifelong developmental disabilities, and lives with her parents because she is unable to care for herself. Defendant lived with K.B. and her family for a few weeks while they were living with friends in a temporary residence. K.B. takes several medications due to her disabilities and other medical problems. She takes these medications just prior to going to sleep each night because they make her groggy and sleepy.

¶ 3 Defendant shared a bedroom with K.B. in two different dwellings. On several occasions while defendant lived with K.B. and her family, defendant got into bed with K.B. and had sexual intercourse with her.

¶ 4 K.B. later told her mother that defendant had had sex with her, but that she did not want to have sex with him. When the family confronted defendant, he admitted that he had had sexual intercourse with K.B. on multiple occasions. The family made a report to the police, and the mother made a recorded pretext telephone call to defendant, during which he again admitted to having sexual intercourse with K.B.

¶ 5 After a jury trial, defendant was convicted of two counts of sexual assault.

## II. Sufficiency of the Evidence

¶ 6 Defendant contends that there was insufficient evidence to show that K.B. was incapable of appraising the nature of her conduct as required by section 18–3–402(1)(b). We address this issue first, because if, indeed, insufficient evidence had been presented, we would need to vacate the convictions and defendant could not be retried on these charges. We conclude that sufficient evidence was presented to support the convictions.

### A. Legal Standards

¶ 7 We review the record de novo to determine whether the evidence presented at trial

El Paso County District Court No. 11CR416, Honorable Barney Iuppa, Judge

John W. Suthers, Attorney General, Jason Fisher, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee

Douglas K. Wilson, Colorado State Public Defender, Dayna Vise, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant

Opinion by JUDGE TERRY

¶ 1 Defendant, Donald Wayne Bertrand, appeals the judgment of conviction entered on a jury verdict finding him guilty of two counts of sexual assault. Defendant was convicted of sexual assault under section 18–3–402(1)(b), C.R.S.2014, after the jury was given an incorrect instruction dealing with whether the alleged victim was able to appraise the nature of her conduct because she

was sufficient to sustain a defendant's conviction. *Dempsey v. People,* 117 P.3d 800, 807 (Colo.2005). In reviewing the sufficiency of the evidence, we consider whether both direct and circumstantial evidence, when viewed as a whole and in the light most favorable to the prosecution, is substantial and sufficient to support a conclusion by a reasonable juror that a defendant is guilty of the charge beyond a reasonable doubt. *Clark v. People,* 232 P.3d 1287, 1291 (Colo. 2010); *People v. Davis,* 2012 COA 56, ¶ 12, 296 P.3d 219.

¶ 8 It is not our role to determine what weight we would have given to the evidence. *People v. Jaramillo,* 183 P.3d 665, 670 (Colo. App.2008). Instead, the fact finder—in this case, the jury—determines the credibility of witnesses, weighs the evidence, and resolves conflicts, inconsistencies, and disputes in the evidence. *People v. Poe,* 2012 COA 166, ¶ 14, 316 P.3d 13; *People v. Duran,* 272 P.3d 1084, 1090 (Colo.App.2011).

¶ 9 In reviewing the sufficiency of the evidence, we recognize that the law makes no distinction between direct and circumstantial evidence. *People v. Taylor,* 159 P.3d 730, 734 (Colo.App.2006). Moreover,

> (1) an actor's state of mind is normally not subject to direct proof and must be inferred from his or her actions and the circumstances surrounding the occurrence; (2) if there is evidence upon which one may reasonably infer an element of the crime, the evidence is sufficient to sustain that element; and (3) where reasonable minds could differ, the evidence is sufficient to sustain a conviction.

*People v. Thompson,* 121 P.3d 273, 278–79 (Colo.App.2005) (citations omitted).

¶ 10 Any actor who knowingly inflicts sexual intrusion or sexual penetration on a victim commits sexual assault if the actor knows that the victim is incapable of appraising the nature of the victim's conduct. § 18–3–402(1)(b).

### B. Analysis

¶ 11 At trial, the prosecution presented evidence tending to show that K.B. was not capable of appraising the nature of her conduct, while defendant put on evidence intended to show that K.B. was, in fact, capable of appraising the nature of her conduct, and therefore that he was not guilty.

¶ 12 The prosecution played for the jury a recording of the pretext telephone call made to defendant. During the call, K.B.'s mother spoke to defendant and told him that she needed to know "everything that had happened" between him and K.B. The following recorded discussion ensued:

> DEFENDANT: [K.B.] would tell me, you can wake me up tonight if you want . . . . [but I only did that on a few nights].
>
> K.B.'S MOTHER: How many times [did you have sex with her], five or six times?
>
> DEFENDANT: Yeah I think so. . . . I know what I did was wrong. . . . I swear I'll never do it again. . . . Please forgive me. . . .
>
> K.B.'S MOTHER: You do understand that you took advantage of her?
>
> DEFENDANT: I know I did. . . .
>
> K.B.'S MOTHER: You knew about her being developmentally delayed? . . . .
>
> DEFENDANT: I been knowin' y'all my whole life.

¶ 13 The following testimony and other evidence was also admitted at trial:

- K.B.'s mother testified that K.B. is "26 [years old] but she's like a 15–year–old in her actions," and she cannot take care of herself. K.B.'s mother is her caregiver. Her mother is responsible for providing K.B. with food, clothing, and shelter, as well as controlling K.B.'s finances. Her mother agreed that K.B. is "100 percent disabled."

- K.B. receives Supplemental Security Income disability payments from the Social Security Administration and she is not able to maintain employment.

- K.B. takes five different medications each night before she goes to bed. One is a sleeping pill. K.B.'s mother testified that she has observed that the medications make K.B. fall asleep within fifteen to twenty minutes after taking them.

- K.B. testified that she takes medications for "nerves," for helping her sleep, and for schizophrenia and depression. She said that they make her feel groggy and sleepy, and that she falls into a deep sleep after she takes them. It is hard for her to wake up after she takes them.
- K.B.'s mother stated that defendant was present at times when she administered K.B.'s medications.
- K.B. told her mother that defendant was having sex with K.B.
- When K.B.'s mother confronted defendant, he admitted that he had had sex with K.B. "at least six times." Defendant also told her that he had "had problems all his life [with sexual urges] and that in this situation he [was] like a kid in a candy store and [could not] control himself."
- K.B. testified that she had not wanted to have sex with defendant and that she knew it was wrong because it was incest.
- K.B. testified that she was "half asleep" when defendant would try to have sex with her. She would pretend to be asleep if she did not want defendant to try to have sex with her because then he would go to sleep. Defendant did not leave her alone four or five times when she pretended to be asleep.

¶ 14 We disagree with defendant's contention that the evidence compelled the finding that K.B. was actually capable of understanding that she was engaging in sexual acts with defendant, and, thus, there was insufficient evidence to convict him under section 18–3–402(1)(b).

¶ 15 It was within the sole province of the jury to determine the weight of the evidence and to resolve any conflicts and inconsistencies in witness testimony. *Poe*, ¶ 14; *see also Clark*, 232 P.3d at 1293. Jurors must rely on the evidence presented at trial and their own common sense to determine the question of guilt. *Clark*, 232 P.3d at 1293.

¶ 16 The record shows that K.B. suffered from cognitive difficulties, and that she took medication prior to her bedtime that made her groggy and sleepy. The jury could have reasonably inferred from this evidence, ei-

ther separately or in combination, that she was incapable of appraising the nature of her conduct when defendant was having sex with her. *See Platt v. People*, 201 P.3d 545, 548 (Colo.2009) (a victim may be cognitively "incapable of appraising the nature of [her] conduct" when she is asleep or partially asleep for purposes of section 18–3–402(1)(b)). The jury could also have reasonably concluded that defendant knew that K.B. was unable to appraise the nature of her conduct. Therefore, the evidence was sufficient to sustain defendant's conviction under section 18–3–402(1)(b).

### III. Erroneous Elemental Instruction

¶ 17 Defendant next contends that jury instruction number sixteen improperly directed a verdict in favor of the prosecution. Because we conclude that the jury instruction was given in error, and that the error was not harmless, we reverse the conviction and remand for a new trial.

¶ 18 Jury instruction number sixteen stated:

> A person *is incapable* of appraising the nature of her conduct when she is asleep or partially asleep during an assault. A person may be incapable of appraising the nature of her conduct not only because she suffers from a mental disease or defect rendering her mind unsound, weak, or feeble; but because she is partially asleep.

(Emphasis added.) We note that there was no stock jury instruction addressing this issue at the time of trial, and that the newly revised criminal jury instructions also do not contain such an instruction. *Cf.* COLJI–Crim. 3–4:02 (2014).

¶ 19 According to *Platt*, the prosecution's burden is to prove that the victim was in a sufficient state of sleep so as to be incapable of appraising the nature of her conduct. 201 P.3d at 548. The italicized language of the trial court's instruction misstates the holding of *Platt*, *id.* at 548,, which states only that "a sleeping victim *may be* incapable of appraising the nature of her conduct."

¶ 20 To comply with *Platt*, the court should have instructed the jury that "a person who

is fully or partially asleep during an assault *may be* incapable of appraising the nature of her conduct." We agree with defendant that, because the jury was incorrectly instructed that a person who is "asleep or partially asleep *is incapable* of appraising the nature of her conduct," the jury was relieved of the responsibility of determining the essential element of whether K.B. was capable of appraising the nature of her conduct. Therefore, the improper instruction amounted to a directed verdict for the prosecution.

■ ¶ 21 We conclude that this error went to an essential element of the charged crime, and that the error requires reversal because there is a reasonable possibility that that error might have contributed to the conviction. *See People v. Garcia,* 28 P.3d 340, 346 (Colo.2001).

### IV. Unanimity Instruction

■ ¶ 22 Defendant next argues that the prosecution presented evidence intended to show that K.B. could not appraise the nature of her conduct *either* because she was developmentally disabled *or* because she was partially asleep, and that the jury was not required to reach a unanimous verdict as to why she could not appraise the nature of her conduct. He contends, therefore, that the trial court erred by failing to give the jurors an instruction requiring them to unanimously agree upon the basis for K.B.'s state of mind. Because this issue could arise on retrial, we address and reject it.

¶ 23 Defendant cites no case law, and we are aware of none, that would require a jury to unanimously agree as to the reason *why* K.B. was unable to appraise the nature of her conduct. The case law cited by defendant is inapposite. In *People v. Simmons,* 973 P.2d 627, 630 (Colo.App.1998), a division of this court concluded that it was impossible to determine whether the jury unanimously agreed upon which of two potential victims the defendant had been menacing and, thus, the failure to give a unanimity instruction as to that issue was error. Similarly, in *People v. Rice,* 198 P.3d 1241, 1247 (Colo.App.2008), the jury instructions did not list the name of an alleged victim and so erroneously created a risk that the jury could return a verdict that was not unanimous. Here, the identity of K.B. was not in issue; the issue at trial was whether K.B. was unable to appraise the nature of her conduct.

¶ 24 While the jurors were required to unanimously agree that K.B. was unable to appraise the nature of her conduct, they were not required to agree about the evidence or theory by which that particular element was established. *See People v. Vigil,* 251 P.3d 442, 447 (Colo.App.2010). The evidence could have been viewed as showing that K.B. was unable to appraise the nature of her conduct, whether because of her cognitive difficulties, her medication, the fact that she was asleep or partially asleep, or a combination of those factors. Any of these grounds would satisfy the statutory elements, and the trial court did not err in declining to give the requested unanimity instruction.

### V. Jury Instruction Regarding Consent

■ ¶ 25 Because it may arise on remand, we consider and reject defendant's contention that the trial court erred by denying his request to instruct the jury regarding consent.

¶ 26 In *Platt,* 201 P.3d at 549–50, the Colorado Supreme Court held that while a defendant may introduce evidence that a victim was, in fact, capable of appraising the nature of her conduct, he is not permitted to present a defense of consent per se; nor is he entitled to a jury instruction concerning consent. Instead, proof of the elements of subsection (b) of section 18–3–402(1) necessarily constitutes proof of the absence of consent by the victim. *Id.*

¶ 27 The trial court correctly instructed the jury in elemental instruction number twelve that, to find defendant guilty, it was required to find that he knew that K.B. was incapable of appraising the nature of her conduct. *See id.* at 550. The court's refusal to instruct the jury on consent was not error.

### VI. Constructive Amendment and Simple Variance

¶ 28 Defendant asserts that, at trial, there was a constructive amendment or simple var-

iance of the charges against him. Because this issue is unlikely to arise on retrial, we decline to consider it.

## VII.   Conclusion

¶ 29 The judgment is reversed and the case is remanded for a new trial.

JUDGE TAUBMAN and JUDGE RICHMAN concur.