24CA0227 Peo v Zellars 04-23-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0227
El Paso County District Court No. 21CR6061
Honorable Jill Brady, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Tory Lester Zellars,

Defendant-Appellant.

---

JUDGMENT AFFIRMED

Division II
Opinion by JUDGE FOX
Kuhn and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 23, 2026

---

Philip J. Weiser, Attorney General, Frank R. Lawson, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Evan W. Jones, Alternate Defense Counsel, Denver, Colorado, for Defendant-Appellant

¶ 1    Defendant, Tory Lester Zellars, appeals the judgment of conviction entered on jury verdicts finding him guilty of attempted fourth degree arson and reckless endangerment. Zellars contends that the trial court reversibly erred by providing the jury with instructions and verdict forms that did not correspond with the complaint filed by the prosecution. We disagree and therefore affirm.

## I.    Background

¶ 2    Evidence introduced at Zellars's trial established the following facts.

¶ 3    A group of people at a gas station noticed Zellars spraying lighter fluid on and around the gas pumps and adjacent vehicles. Some of those individuals, including Terry Crowdy and Jaden Smith, approached Zellars and yelled at him to stop. Zellars pulled out a lighter and unsuccessfully tried to ignite the trails of lighter fluid. A confrontation occurred during which Zellars pulled a knife from his pocket and cut Crowdy's hand. Zellars then fled and was apprehended nearby by police.

¶ 4    The prosecution charged Zellars with one count each of attempted first degree assault, attempted fourth degree arson,

1

menacing, and reckless endangerment. For the assault, arson, and reckless endangerment charges, the victims were listed as "Terry Crowdy and Jaden Smith" in the complaint. Crowdy was the only victim listed for the menacing charge.

¶ 5    The prosecution tendered elemental instructions for the charges that generically referred to the victims as "another," "another person," or "any person." During the jury instruction conference, defense counsel requested that the victims' names be included in the elemental instructions "so that there's no confusion to the jury that this isn't people at large" at the gas station. The trial court agreed and asked if there should be a separate verdict form for each victim or if "it should be one with an 'and'." Defense counsel responded:

> I think it should be one with an "and" as that's how it's charged. There's not separate counts for separate victims here. They're charged the same, as an "and," so I think they have to find as to both of them, . . . there's not an "or" here, there's an "and." They have to find [as] to both, not one or the other.

¶ 6    The prosecution agreed that each charge represented a single count and that the generic references to victims in the elemental instructions should be replaced with the victims' names. However,

the prosecution requested "some type of instruction that clarifies either the need to find both of them or the need to find that there was a danger to one of them."

¶ 7 Defense counsel then argued,

> If they only find to, say, Terry Crowdy, they can't find the defendant guilty of this charge because he's charged in a manner that says Terry Crowdy and Jaden Smith. If this was to either/or, then the proper way to have filed it would have been to file separate charges, the same charges against different victims.

¶ 8 The trial court ordered the applicable elemental instructions modified to include Crowdy's and Smith's names and took the verdict form issue under advisement. After consideration, the court ordered that the prosecution did not have to prove the counts as to each alleged victim in order to prevail. The court said, "In other words, I think as long as the jury finds unanimously as to one victim or the other victim or both, that . . . they can prevail as to that count." The court also ordered a unanimity instruction.

¶ 9 Defense counsel objected, arguing that this would "essentially add[] counts to the complaint and information that aren't there and that were not filed in violation of Mr. Zellars'[s] due process rights." The trial court noted that Zellars's objection was preserved.

¶ 10     The elemental instructions containing generic references to the victims were updated to include the victims' names.  As relevant here, the elemental fourth degree arson instruction read as follows:

> The elements of the crime of fourth degree arson are:
>
> 1. That the defendant,
>
> 2. in the State of Colorado, at or about the date and place charged,
>
> 3. knowingly or recklessly started or maintained a fire on his own property or that of another, and
>
> 4. by doing so, placed Terry Crowdy and Jaden Smith in danger of death or serious bodily injury.

The related attempt instruction stated:

> The elements of the crime of attempt to commit fourth degree arson are:
>
> 1. That the defendant,
>
> 2. in the State of Colorado, at or about the date and place charged,
>
> 3. knowingly or recklessly,
>
> 4. engaged in conduct constituting a substantial step toward the commission of arson in the fourth degree.
>
> . . . .

4

After considering all the evidence, if you decide the prosecution has proven each of the elements beyond a reasonable doubt, you should find the defendant guilty of criminal attempt to commit fourth degree arson.

After considering all the evidence, if you decide the prosecution has failed to prove any one or more of the elements beyond a reasonable doubt, you should find the defendant not guilty of criminal attempt to commit fourth degree arson.

And the reckless endangerment instruction read as follows:

The elements of the crime of reckless endangerment are:

1. That the defendant,

2. in the State of Colorado, at or about the date and place charged,

3. recklessly,

4. engaged in conduct that created a substantial risk of serious bodily injury to Terry Crowdy and Jaden Smith.

After considering all the evidence, if you decide the prosecution has proven each of the elements beyond a reasonable doubt, you should find the defendant guilty of reckless endangerment.

After considering all the evidence, if you decide the prosecution has failed to prove any one or more of the elements beyond a reasonable doubt, you should find the defendant not guilty of reckless endangerment.

¶ 11    The trial court also added the following unanimity instruction: "In order to convict the defendant of Criminal Attempt to Commit Assault in the First Degree, Criminal Attempt to Commit Fourth Degree Arson, and Reckless Endangerment, you must either unanimously agree that the defendant committed the same act or acts, or that he committed all of the acts alleged."

¶ 12    And the trial court added interrogatories to the verdict forms for attempted first degree assault, attempted fourth degree arson, and reckless endangerment:

> We further unanimously find, with respect to [the listed count], that the victim or victims of this count are:
>
> ____ Terry Crowdy
>
> ____ Jaden Smith

¶ 13    Defense counsel did not object to the final version of the instructions that were submitted to the jury "other than [his] previous objections."

¶ 14    During deliberations, the jury asked several questions. As relevant here, it first asked, "[For attempted first degree assault, attempted fourth degree arson, and reckless endangerment,] if we find the [d]efendant [g]uilty of any of these charges, are we required

to select a victim(s)"? After agreement by the parties, the court instructed the jury,

> Yes. If you find the defendant guilty of [attempted first degree assault, attempted fourth degree arson, or reckless endangerment], you must unanimously agree on the alleged victim or victims for that charge. You can select one name or both names, but your selection(s) must be unanimous. If you find the defendant not guilty of [attempted first degree assault, attempted fourth degree arson, or reckless endangerment], you shall not select either name.

¶ 15    Second, the jury asked, "If we cannot agree on [the menacing count], can we be a hung jury on this count alone, or is it all or nothing?" Without objection by the parties, the court instructed the jury, "The court refers you to Instruction Number 10. You can reach a verdict on some counts but not all counts as long as your verdict(s) is unanimous." Instruction No. 10 read as follows:

> In this case a separate offense is charged against the defendant in each count of the information. Each count charges a separate and distinct offense and the evidence and the law applicable to each count should be considered separately, uninfluenced by your decision as to any other count. The fact that you may find the defendant guilty or not guilty of one of the offenses charged, should not control your verdict as to any other offense charged against the defendant.

> The defendant may be found guilty or not
> guilty of any one or all of the offenses charged.

¶ 16   The jury acquitted Zellars of attempted first degree assault and menacing but convicted him of attempted fourth degree arson and reckless endangerment. The jury found that Crowdy and Smith were victims for purposes of the two convictions. The trial court polled the jury to confirm that the verdict forms represented their individual determinations.

## II.   Discussion

¶ 17   Zellars contends that the trial court erred by providing the jury with instructions and verdict forms that did not correspond with the complaint filed by the prosecution. Specifically, he argues that it was improper for the court to permit the jury to convict him by finding that he committed attempted fourth degree arson and reckless endangerment against Crowdy or Smith or both when the complaint listed both victims for each count.

¶ 18   We agree with the People that, while not expressly couched as a variance claim, Zellars's contention relies on concepts and case law associated with a variance between a charging document and the instructions presented at trial. Construing his contention as a

8

variance claim, we conclude that, to the extent any variance occurred, reversal is not required because Zellars has failed to demonstrate prejudice.

### A. Applicable Law and Standard of Review

¶ 19 "An information is sufficient if it advises the defendant of the charges he is facing so that he can adequately defend himself and be protected from further prosecution for the same offense." *Campbell v. People*, 2020 CO 49, ¶ 44 (quoting *Cervantes v. People*, 715 P.2d 783, 785 (Colo. 1986)).

¶ 20 A variance occurs when a charge contained in the charging document differs from the charge for which a defendant is convicted. *Id.* at ¶ 45. There are two types of variances. "A simple variance 'occurs when the evidence presented at trial proves facts materially different from those alleged in the charging document.'" *Id.* (quoting *People v. Smith*, 2018 CO 33, ¶ 25). A simple variance does not require reversal as long as the proof upon which the conviction is based corresponds to an offense that was clearly set out in the charging document. *Id.* In contrast, "a constructive amendment occurs when jury instructions change an element of the charged offense to the extent the amendment effectively

9

subjects a defendant to the risk of conviction for an offense that was not originally charged." *People v. Vigil*, 2015 COA 88M, ¶ 30 (citation modified)*, aff'd*, 2019 CO 105.

¶ 21 A variance warrants reversal only if the defendant can establish prejudice. *See id.* (A simple variance requires reversal "only if it prejudices a defendant's substantial rights."); *see also Bock v. People*, 2024 CO 61, ¶¶ 19-23 (Constructive amendments are not structural error because they "sometimes produc[e] prejudice and sometimes produc[e] no prejudice at all" and are reviewable for plain error.); *Campbell*, ¶ 45 (Even if there is a variance, "[n]o indictment, information, felony complaint, or complaint shall be deemed insufficient nor shall the trial, judgment, or other proceedings thereon be reversed or affected by any defect which does not tend to prejudice the substantial rights of the defendant on the merits." (quoting § 16-10-202, C.R.S. 2025)).

¶ 22 We review de novo whether a variance occurred. *See People v. Martinez*, 2024 COA 34, ¶ 24.

### B. Analysis

¶ 23 The attempted fourth degree arson and reckless endangerment charges contained in the charging document do not differ from the

charges of which Zellars was convicted. The complaint lists the victims for each charge as "Terry Crowdy and Jaden Smith." These charges are identical to those on which the jury was instructed and rendered its verdicts by selecting both names for each count. We see little basis to conclude that a variance occurred at all, especially in light of the statutory requirement that "[p]leading in either the conjunctive or the disjunctive shall place a defendant on notice that the prosecution may rely on *any or all* of the alternatives alleged." § 16-5-202(3), C.R.S. 2025 (emphasis added).

¶ 24    Nonetheless, even assuming a variance occurred, we discern no prejudice.

¶ 25    Zellars contends he was prejudiced by this variance because it (1) lowered the prosecution's burden of proof and (2) denied him his constitutional right to a unanimous verdict.

¶ 26    The People posit that Zellars failed to preserve his unanimity argument and that we should therefore review for plain error. Zellars also did not preserve his argument that the variance lowered the prosecution's burden of proof. But we need not resolve the preservation issues because, regardless, neither argument is meritorious.

11

## 1. Prosecution's Burden of Proof

¶ 27     Zellars argues that the variance prejudiced him because it lowered the prosecution's burden of proof by not requiring the prosecution to prove beyond a reasonable doubt that the offenses were committed against both named victims.

¶ 28     Again, the complaint charged Zellars with one count each of attempted fourth degree arson and reckless endangerment with Crowdy and Smith listed as the victims for each. The elemental instructions for both counts listed the victims as Crowdy and Smith and, to find Zellers guilty, required the jury to find that the prosecution had proved each of the elements beyond a reasonable doubt. The evidence at trial showed that Zellars took a substantial step toward setting the gas pumps on fire, posing a serious danger to Crowdy and Smith. And the jury unanimously found that both Crowdy and Smith were the victims for both counts. Accordingly, the verdicts could not have been reached via a lower burden of proof.

¶ 29     Therefore, Zellars has failed to establish prejudice based on a lowering of the prosecution's burden of proof. *Cf. People v. Rediger*, 2018 CO 32, ¶¶ 51-52 (The constructive amendment was plain

error, in part, because "the offense presented to the jury allowed it to convict [the defendant] of a crime not charged in the information, and one for which the People's burden of proof was materially lessened.").

## 2. Jury Unanimity

¶ 30 Zellars also argues that the variance prejudiced him because it denied him his constitutional right to a unanimous verdict by allowing the jury to convict without agreeing on which victim each crime was committed against.

¶ 31 A jury's verdict must be unanimous. § 16-10-108, C.R.S. 2025. "Unanimity means only that each juror agrees that each element of the crime charged has been proved to that juror's satisfaction beyond a reasonable doubt." *People v. Ryan*, 2022 COA 136, ¶ 11 (quoting *People v. Linares-Guzman*, 195 P.3d 1130, 1134 (Colo. App. 2008)).

¶ 32 To ensure unanimity,

> if the prosecution presents evidence of multiple distinct acts, "any one of which could constitute the offense charged, and the jury could reasonably disagree regarding which act was committed, the [trial] court must either" (1) require the prosecution to elect the act it is relying on to establish the count; or (2) provide

> a modified unanimity instruction to the jury, explaining that it must "unanimously agree that the defendant committed the same act or all of the acts."

*People v. Serna-Lopez*, 2023 COA 21, ¶ 23 (quoting *People v. Hines*, 2021 COA 45, ¶ 50).

¶ 33 Here, the trial court did both things. It provided the jury with verdict forms that listed both victims and required the jury to unanimously agree that one or both individuals were the victim(s) of the crime. And it issued a unanimity instruction.

¶ 34 The trial court's responses to the jury's questions further ensured unanimous verdicts. In its response to the first question, the court confirmed that, if the jury found Zellars guilty of attempted first degree assault, attempted fourth degree arson, or reckless endangerment, it "must unanimously agree on the alleged victim or victims" for each count and could "select one name or both names," but its "selection(s) must be unanimous."

¶ 35 Zellars argues that the court's response to the jury's second question regarding a hung jury "further muddied the waters around what the jury was permitted to return." We agree with the People that Zellars waived any challenge to the answers to the jury

14

questions when defense counsel agreed to the court's responses. *See Rediger*, ¶ 39. Therefore, we do not address this argument. *See id.* at ¶ 40.

¶ 36    We presume that the jury understood and followed the instructions as initially given to them and as conveyed in the trial court's responses to their questions. *See Bondsteel v. People*, 2019 CO 26, ¶ 62. Furthermore, the verdict forms and the jury poll belie any claim that the jury did not reach unanimous verdicts or that those verdicts did not pertain to both Crowdy and Smith.

¶ 37    For these reasons, we conclude that Zellars has failed to establish prejudice based on jury unanimity. *Cf. People v. Simmons*, 973 P.2d 627, 629-30 (Colo. App. 1998) (reversing a felony menacing conviction on a unanimity argument because "there were two possible victims and the jurors were not instructed that they must unanimously agree as to one or the other" such that it was "impossible to determine whether the jury unanimously agreed as to a particular victim").

¶ 38    Because Zellars failed to establish prejudice, any claimed variance does not warrant reversal.

### III. Disposition

¶ 39    The judgment is affirmed.

JUDGE KUHN and JUDGE SULLIVAN concur.